## The Color and Design Exchange, Inc. *v.*
## Thomas K. Standish

Superior Court     Judicial District of     File No. 701006
Hartford-New Britain at Hartford

Memorandum filed April 16, 1991

*Shipman & Goodwin,* for the plaintiff.
*Azuwuike A. Ndukwu,* for the defendant.

Satter, J. The Color and Design Exchange, Inc., the plaintiff, has sued the defendant in two counts. In the first count of the complaint, the plaintiff seeks to enforce the defendant's personal guarantee to pay a judgment in the plaintiff's favor against Standish American Capital Corporation. In the second count, the plaintiff claims that the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA).

The facts are as follows. From June, 1987, through May, 1988, the plaintiff rendered a variety of services having a reasonable value of $16,491.41, to Standish American Capital Corporation (corporation). After repeated unsuccessful demands for payment, the plaintiff filed suit against the corporation in the Superior Court for the judicial district of Hartford.

On February 14, 1989, at the Superior Court hearing on the plaintiff's application for a prejudgment remedy,

Bruce B. MacDermid, attorney for the plaintiff, and Azuwuike Ndukwu, attorney for the corporation, agreed to a stipulated judgment for $16,491.41. Ndukwu asked MacDermid to withdraw the prejudgment remedy application and to forbear from executing on the judgment until August 15, 1989, in exchange for the defendant, the president of the corporation, personally guaranteeing payment of the judgment. This agreement was stated in the court record at the time the plaintiff's prejudgment remedy application was called by the court:

"Mr. MacDermid: The agreement, your Honor, is that the application before the Court may go off with the representation of the defendant's counsel that a stipulated judgment will be filed in the sum of $16,491.41.

"The Court: All right.

"Mr. MacDermid: And that Mr. Standish, who is also represented by Mr. Ndukwu personally, will guarantee payment of that judgment on or before August 15, 1989."

After the stipulated judgment was filed in court on March 20, 1989, Ndukwu wrote to MacDermid on March 24, 1989, as follows: "This is in confirmation of our agreement that Thomas K. Standish will make a loan to Standish American Capital Corporation, should said entity fail to fulfill the stated obligations of the March 20, 1989 judgment. . . . He shall have (10) business days to make arrangements to cure default. The cure shall be in the form of a loan to Standish American Capital Corporation."

The corporation having failed to pay the judgment, the plaintiff now sues the defendant on his guarantee.

The court finds a promise by the defendant to pay the debt of the corporation. Such a promise clearly falls

within the ambit of General Statutes § 52-550. Section 52-550 provides: "No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . . against any person upon any special promise to answer for the debt, default or miscarriage of another . . . ."

The question here is whether the defendant's guarantee meets the statutory requirement that it be signed and in writing. No Connecticut case has specifically held that an oral statement made on the record in open court satisfies the statute of frauds.

In a number of states, however, such oral statements are treated as the equivalent of signed writings. *Sealock* v. *Hackley,* 186 Md. 49, 52–53, 45 A.2d 744 (1946); Restatement (Second), Contracts § 133, comment (d). In *Londono* v. *Gainesville,* 768 F.2d 1223, 1227 n.4 (11th Cir. 1985), the tape recording of a city commission's action at a public meeting was held to satisfy the statute of frauds requirement of a signed agreement.

Section 42a-2-20, the limited statute of frauds in the Uniform Commercial Code which requires a signed writing between the parties of a contract for the sale of goods for $500 or more, is satisfied "if the party against whom enforcement is sought admits in her pleading, *testimony* or otherwise in *court* that a contract for sale was made." (Emphasis added.) Similarly, court testimony saves a contract for the sale of securities under General Statutes § 42a-8-319 (d).

Thus, this court concludes that the statement made in court by the plaintiff's attorney, while the defendant's attorney was present, that the defendant agreed to guarantee payment of the plaintiff's judgment against the corporation, is enforceable.

Moreover, the letter of March 24, 1989, by the defendant's attorney confirming the defendant's agreement to cure the corporation's default as to the stipulated judgment, further evinces compliance with the statute of frauds.

This court finds that the plaintiff has proven its first count.

As to the second count, which claims a violation of CUTPA, the court concludes that the defendant's action in attempting to avoid his guarantee of the judgment against the corporation does not offend public policy or established concepts of fairness. Neither is it immoral, unethical, oppressive, or unscrupulous and it does not cause such substantial injury to consumers, to competition or to other business as to constitute an unfair trade practice.

Judgment may enter for the plaintiff in the first count for $16,491.41, plus statutory interest from May 30, 1988. Judgment may enter for the defendant on the second count.