[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THE THIRD AND FOURTH COUNTS OF THE AMENDED COMPLAINT (#143)
On April 15, 1992, the plaintiff, Quinn Associates, filed an amended complaint against the defendant, FGA Services, Inc., alleging nonpayment of past due invoices. The plaintiff alleges in its amended complaint that the defendant had a primary contract with the Connecticut Department of Transportation (hereinafter "DOT") to provide DOT with photogrammetric services. The plaintiff further alleges that from approximately May, 1986 through July, 1990, the defendant subcontracted with the plaintiff to perform the services required by the DOT contract. The plaintiff also alleges that it provided these services to the defendant and rendered the appropriate invoices to the defendant. Pursuant to the contract between the plaintiff and the defendant (hereinafter "the contract"), the plaintiff alleges that the defendant was supposed to submit the invoices to DOT and pay the plaintiff the amount of each invoice, less a retention of ten percent (10%), within ten days after receiving payment from DOT.
The first count alleges that the plaintiff submitted four invoices totalling $8,103.47 to the defendant. It also alleges that the defendant received payment from DOT for these invoices, but has yet to pay the plaintiff, thereby breaching the contract. The second count alleges that the defendant has also breached the contract by failing to pay the ten percent (10%) retention fee or CT Page 9151 numerous invoices totalling $21,568.87. The third count alleges a breach of the contract by the wrongful detention of money due on 55 invoices already paid by the defendant. The plaintiff alleges that although these invoices were paid, they were paid well beyond the ten-day period following the receipt of payment from DOT, therefore breaching the terms of the contract. The fourth count alleges that the nonpayment of past due invoices and the wrongful detention of money constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
On July 28, 1992, the defendant filed a motion to strike the third and fourth counts of the complaint on the grounds that (1) a claim based on "wrongful detention of money" does not state a cause of action upon which relief may be granted, and that (2) the allegations of the defendant's detention of the money and the use of it to reduce or avoid borrowing are not sufficient to state a cause of action under CUTPA. As required by Practice Book 155, the defendant has filed a memorandum in support of its motion to strike, and the plaintiff has timely filed memoranda in opposition to that motion.
The purpose of a motion to strike is to challenge the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike is the proper method to test the legal sufficiency of count in a complaint. Practice Book 152(1). In ruling on a motion to strike, the trial court is limited to the facts alleged in the pleadings and the grounds specified in the motion. Maloney v. Conroy, 208 Conn. 392, 394, 545 A.2d 1059 (1988); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions . . . stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 109,491 A.2d 368 (1985). The allegations in the pleadings are construed in the light most favorable to the nonmoving party. Gordon, supra, 170. Thus, if the facts provable under the allegations of a pleading would support a defense or a cause of action, the motion to strike must fail. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 218-19, 520 A.2d 217
(1987).
In the third count, which is entitled "Wrongful Detention of Money," the plaintiff alleges that "[i]n the case of each of the 55 invoices eventually paid [by the defendant], the payment . . . was more than ten days after [the defendant's] receipt of payment CT Page 9152 from DOT . . . [and therefore the defendant has] breached the contract . . . ." The plaintiff further alleges that it has "suffer[ed] damages due to the wrongful detention of its money which entitles [it] to recover interest at the legal rate pursuant to Connecticut General Statutes Section 37-1a."
The defendants argue in their memorandum in support of the motion to strike that Connecticut does not recognize a cause of action for "wrongful detention of money" and that the plaintiff alleges nothing more in the third count than that alleged in the first and second counts. The plaintiff argues in its memoranda in opposition to the defendant's motion to strike that it sufficiently alleges that the defendant has breached the express terms of the contract to timely pay monies due and that the defendant's wrongful detention of that money entitles the plaintiff to interest pursuant to Conn. General Statutes 37-3a.
The plaintiff's third count sufficiently alleges breach of contract for the wrongful detention of money eventually paid by the defendant and alleges a different cause of action from those alleged in the first and second counts. The plaintiff's first count alleges that the plaintiff submitted invoices to the defendant totalling $8,103.47 which the defendant has yet to pay. The plaintiff's second count alleges that the defendant has also failed to pay the ten percent (10%) retention fee on numerous invoices totalling $21,568.87. In these first two counts the plaintiff seeks payment of the invoices and the retention fee, as well as interest pursuant to Conn. General Statutes 37-3a. However, the plaintiff's third count alleges the wrongful detention of money due on 55 invoices already paid by the defendant, and alleges that although these invoices were paid, they were paid beyond the ten-day period following receipt of payment from DOT. Therefore, the plaintiff claims it is entitled to interest pursuant to Conn. General Statutes 37-3a.[1] Although the first three counts all allege a breach of the same contract, the third count alleges a different breach than that alleged in the first and second counts, and the third count seeks different damages than that sought in the first and second counts.
Section 37-3a of the Conn. General Statutes states that "interest at the rate of ten percent a year . . . may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable . . . ." "[I]nterest awarded under [this] statute is intended to compensate the prevailing party for a delay in obtaining money that rightfully belongs to him." CT Page 9153 Neiditz v. Morton S. Fine Associates, Inc., 199 Conn. 683, 691,508 A.2d 438 (1986). An allowance of interest under 37-3a turns on "whether the detention of the money is or is not wrongful under the circumstances," and such a determination lies within the trial court's discretion. Newington v. General Sanitation Services Co., 196 Conn. 81, 90, 491 A.2d 363 (1985), quoting Cecio Bros, Inc. v. Feldmann, 161 Conn. 265, 275, 287 A.2d 374
(1971). It is clear that the third count alleges a legally valid cause of action against the defendant, and the determination of whether interest is ultimately awarded lies within the court's discretion. Accordingly, for the reasons above stated, the motion to strike the third count is denied.
The basis of the motion to strike the fourth count is a claim that the allegations are not sufficient to state a cause of action under CUTPA. CUTPA provides that no person shall engage in unfair methods of competition and unfair or deceptive acts and practices in the conduct of any trade or commerce." Conn. General Statutes 42-110b(a). In determining when a practice violates CUTPA, it is well settled that Connecticut has adopted the "cigarette rule" established by the federal trade commission. The "cigarette rule" sets out the criteria for determining when a practice is unfair and states:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businessmen.
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254,550 A.2d 1061 (1988). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80, 106, ___ A.2d ___ (1992), quoting McLaughlin Ford, Inc. v. Ford Motor Co., CT Page 9154192 Conn. 558, 567-68, 473 A.2d 1185 (1984). "Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy . . . ." Cheshire Mortgage Service, Inc., supra, 106. Whether a practice is unfair and therefore violates CUTPA is an issue of fact for the court. DeMotses v. Leonard Schwartz Nissan, Inc., 22 Conn. App. 464, 578 A.2d 144 (1990). In a motion to strike a court can only consider whether the plaintiff's allegations can sustain a cause of action under CUTPA, not whether the defendant's activities were actually in violation of CUTPA.
The defendant argues in its memorandum in support of the motion to strike that the plaintiff does not allege a violation of an identifiable public policy, nor does it allege any immoral, unethical, oppressive, or unscrupulous conduct or any injury to the plaintiff necessary to support a cause of action under CUTPA. The plaintiff argues in its memoranda that it sufficiently alleges a cause of action under CUTPA.
This court is of the opinion that the plaintiff has alleged all the necessary elements of a CUTPA claim. The plaintiff alleges in its amended complaint that the defendant has (1) failed to pay the plaintiff for invoices submitted to the defendant; (2) failed to pay the plaintiff retentions held by the defendant; and (3) failed to pay plaintiff monies owed in a timely fashion pursuant to the express terms of the contract. In addition, the plaintiff alleges that the defendant "received monies from DOT long before it paid [the plaintiff's] corresponding invoices, and instead of paying the money [to plaintiff, the defendant] used these funds to either reduce its borrowing or to avoid borrowing money through a calculated and deliberate scheme of what amounts to illegal and unauthorized accounts payable borrowing." The plaintiff also alleges that such conduct is "unfair and/or deceptive . . . and/or is contrary to the public policy of the State of Connecticut, all in violation of [CUTPA]." Furthermore, the plaintiff alleges that as a result of defendant's illegal conduct, the plaintiff has suffered and will continue to suffer damage.
The defendant relies on Color Design Exchange, Inc. v. Standish, 41 Conn. Sup. 545, 548, 593 A.2d 169 (1991, Satter, J.), in support of the motion to strike the plaintiff's fourth count. In Color Design Exchange, Inc., the court held that "the defendant's action in attempting to avoid his [personal] CT Page 9155 guarantee of the judgment against the corporation does not offend public policy or establish concepts of fairness. Neither is it immoral, unethical, oppressive, or unscrupulous and does not cause such substantial injury to consumers, to competition or to other business as to constitute an unfair trade practice." Id. The case at hand is distinguishable from Color Design Exchange, Inc. in that the plaintiff's fourth count alleges more than that proven in Color Design Exchange, Inc. The plaintiff alleges not only that the defendant has repeatedly failed to pay monies due, but also that the defendant "received monies from DOT long before it paid [the plaintiff's] corresponding invoices, and instead of paying the money to [the plaintiff, the defendant] used these funds to either reduce its borrowing or to avoid borrowing money through a calculated and deliberate scheme." The case at hand clearly is distinguishable from Color Design Exchange, Inc. and the plaintiff has alleged the necessary elements of a CUTPA claim.
The motion to strike is denied in its entirety.
Hadden, J.