FRANK LOMANGINO ET AL. *v.* LaCHANCE
FARMS, INC., ET AL.
(6778)

SPALLONE, STOUGHTON and NORCOTT, Js.

Argued December 7, 1988—decision released February 7, 1989

*Ronald P. Sherlock,* for the appellants (plaintiffs).

*Robert J. Cathcart,* for the appellee (defendant Southern New England Production Credit Association).

NORCOTT, J. The plaintiffs brought this nuisance action against their former neighbor, Thomas LaChance, and against LaChance Farms, Inc., the Southern New England Production Credit Association (SNEPCA), mortgagee of the LaChance property, and Sunrise Farms, Inc., the subsequent purchaser of the property. The alleged nuisance consists of a large pile of debris, fifty feet wide, twenty feet high and 1500 feet long that defendant LaChance deposited near the boundary of his and the plaintiffs' properties in 1977.

The defendant SNEPCA moved for summary judgment which the trial court, *Satter, J.,* granted on December 9, 1987.[1] On January 15, 1988, the court denied the plaintiffs' motion to set aside this summary judgment order.[2] The plaintiffs have appealed from these rulings.

The following facts are relevant to the ruling on the summary judgment motion. LaChance defaulted on the mortgage held by SNEPCA, and, on January 23, 1983, SNEPCA accepted a deed to the property in lieu of foreclosure. On March 21, 1983, SNEPCA entered into an agreement to sell the property to Sunrise Farms. The sale took place on June 2, 1983, and was subject to a purchase money mortgage taken back by SNEPCA.

Between 1977 and 1979, SNEPCA provided mortgage financing to the plaintiffs in conjunction with a federal program designed to assure funding to farming communities. The plaintiffs allege in their complaint that, through a series of mortgages to them and to other mortgagors, SNEPCA "financed and partici-

---

[1] Another trial court, *Wagner, J.,* had earlier denied SNEPCA's motion for summary judgment but, through an administrative error, the second court granted the motion without knowledge of the first order.

[2] Because of our decision on the granting of the motion for summary judgment, we need not reach the plaintiffs' claim that the trial court erred in denying their motion to set aside the summary judgment order.

pated" in the development of the LaChance property from woodland to farmland, a conversion that resulted in the creation of the pile of debris. The alleged nuisance condition remained unabated during these transactions. The plaintiffs further claim that SNEPCA's mortgagor relationship with the other defendants, together with the fact that SNEPCA assumed fee simple title for a seven week period before the sale to Sunrise Farms, vested both possession and control in SNEPCA so as to render it liable for the nuisance condition. SNEPCA denied the plaintiffs' claim and contended that it was strictly a lending institution that at no time maintained or controlled the LaChance property.

"Summary judgment shall be rendered if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 384. The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984). The court must view the evidence in the light most favorable to the nonmovant. *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. *Telesco* v. *Telesco,* 187 Conn. 715, 718, 447 A.2d 752 (1982)." *Nolan* v. *Borkowski,* 206 Conn. 495, 500, 538 A.2d 1031 (1988).

No Connecticut cases have addressed the specific issue of whether a mortgagee is insulated from liability for the maintenance of a nuisance on the mortgaged property. It is clear, however, that in Connecticut and other jurisdictions " '[l]iability for damage caused by [a nuisance] turns upon whether the defendant was in

control, either through ownership or otherwise.' " *State* v. *Tippetts-Abbett-McCarthy-Stratton,* 204 Conn. 177, 185, 527 A.2d 688 (1987), quoting *Kurtigan* v. *Worcester,* 348 Mass. 284, 285, 203 N.E.2d 692 (1965). In the *Tippetts* case, our Supreme Court held that, "[w]hen circumstances show that a defendant exercises de facto control over nuisance-causing property, the fact that title or possession of the property has been transferred to others does not absolve the defendant of liability for the nuisance. *Henriques* v. *Rockefeller,* 148 Conn. 654, 658–59, 173 A.2d 596 (1961)." Id., 184. The plaintiffs contend that genuine issues of fact exist in this case as to whether SNEPCA controlled the property or was a substantial factor in causing or maintaining the alleged nuisance and that the court erred in its conclusion to the contrary. The trial court concluded from the pleadings and "facts established by depositions, mortgage deeds and affidavits" that: (1) "At no time did SNEPCA participate in the physical development of the former LaChance land or the creation or maintenance of the alleged nuisance"; (2) "Plaintiffs have completely failed to create an issue of fact that SNEPCA had possession and control of the LaChance property"; and (3) "Moreover, plaintiffs have not established that any of defendant's actions were a 'substantial factor in causing the damage.' *Beauton* v. *Connecticut Light & Power Co.,* 125 Conn. 76, 81 (1938)."

"Like the other elements of the tort of nuisance, the question of whether a defendant maintains control over property sufficient to subject him to nuisance liability normally is a jury question. See *Peterson* v. *Oxford,* 189 Conn. 740, 747, 459 A.2d 100 (1983); *Filisko* v. *Bridgeport Hydraulic Co.,* [176 Conn. 33, 36, 404 A.2d 889 (1978)]; *Chazen* v. *New Britain,* 148 Conn. 349, 355, 170 A.2d 891 (1961)." *State* v. *Tippetts-Abbett-McCarthy-Stratton,* supra. The related question of

whether the actions of a party are sufficient to label it a "substantial factor" for purposes of causation is also one for the jury. " 'An actual cause that is a substantial factor in the resulting harm is a proximate cause of that harm. . . . Proximate cause is ordinarily a question of fact.' " *Tetro* v. *Stratford,* 189 Conn. 601, 605, 485 A.2d 5 (1983), quoting *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 382–84, 441 A.2d 620 (1982). " 'Conclusions of proximate cause are to be drawn by the jury and not by the court.' *Fox* v. *Mason,* 189 Conn. 484, 489, 456 A.2d 1196 (1983). ' "It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier as a matter of fact." *Marley* v. *New England Transportation Co.,* 133 Conn. 586, 591, 53 A.2d 296 [1947] . . . .' *Busko* v. *DeFilippo,* [162 Conn. 462, 466, 294 A.2d 510 (1972)]." *Trzcinski* v. *Richey,* 190 Conn. 285, 295, 460 A.2d 1269 (1983).

Our review of the record satisfies us that the plaintiffs raised sufficient, genuine issues as to the material facts regarding SNEPCA's actions and its control and possession of the LaChance property to warrant reversal of the granting of summary judgment. The plaintiffs cited the following in their pleadings, affidavits and other evidence before the trial court: (1) the eight years of repeated mortgage financing during which, by way of the mortgage deeds, SNEPCA covenanted not to allow waste; (2) the sales agreement between SNEPCA and Sunrise Farms in which SNEPCA acknowledged the plaintiffs' nuisance claim and covenanted that Sunrise Farms not do anything to abate the condition without SNEPCA's written consent; and (3) the seven to eight week period of fee simple title ownership by SNEPCA. We are not persuaded by SNEPCA's assertions that it was a mere conduit

of monies, that it did not control the property or take action that was a substantial factor in the maintenance of the nuisance condition and that there are no genuine issues of fact to be determined by a jury.

The present case is not one in which the court should have summarily concluded that no genuine issue of fact existed as to whether the defendants ever "controlled," "maintained" or "possessed" the LaChance premises and whether any of the defendant's actions were a substantial factor in causing the alleged damages of the plaintiffs. Accordingly, the trial court erred in granting SNEPCA's motion for summary judgment.

There is error, the judgment is set aside and the case is remanded with direction to proceed in accordance with this opinion.

In this opinion the other judges concurred.