[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants move for summary judgment on the grounds that plaintiff Gerryann Appleton failed to give notice of injury to the municipality pursuant to General Statutes13a-149. In the alternative, if, as a matter of law, the plaintiffs' cause of action does not come under General Statutes 13a-149, the defendants claim summary judgment on the grounds of municipal immunity.
The plaintiffs, Gerryann and Wayne Appleton, filed a sixteen count complaint against defendants George Kendra, Steven Werbner, William Camosci, Bernard Apter and the Town of Manchester. Defendants George Kendra and Steven Werbner are being sued in their capacity as Directors of Public Works for the town of Manchester for failing to maintain the area where the plaintiff Gerryann Appleton fell. Defendant William Camosci is being sued in his capacity as Director of Engineering for the town of Manchester for failing to maintain the area where the plaintiff Gerryann Appleton fell. The defendant Bernard Apter is being sued in his capacity as Chairman of the Parking Authority for the town of Manchester for failing to maintain the area where the plaintiff Gerryann Appleton fell. The defendant Town of Manchester is being sued pursuant to General Statutes 7-465. The plaintiff, Wayne Appleton's claim against each defendant is for loss of consortium.
On August 12, 1991, the defendants filed a motion for summary judgment as to all counts of the plaintiffs' complaint. The defendants allege that the plaintiff Gerryann Appleton's cause of action should be brought under General Statutes13a-149 and since she failed to meet the notice requirements of the statute they are entitled to summary judgment. The defendants allege in the alternative that if the plaintiff cause of action does not fall under 13a-149 then the defendants are entitled to summary judgment on the ground of municipal immunity.
In accordance with Practice Book 380 the defendants have filed a memorandum of law in support of the motion for summary judgment and the plaintiffs have filed a memorandum of law in opposition to the motion. As required by Practice Book 379 the pleadings are closed. CT Page 8285
"The motion for summary judgment is designed to eliminate delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exists." Lomangino v. LaChance Farms, Inc., 17 Conn. App. 436,438, 553 A.2d 197 (1989). "A trial court may appropriately grant a motion for summary judgment only when the affidavits and evidence submitted in support of the motion demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986).
Notice and 13a-149
The defendants argue that the plaintiff Gerryann Appleton's claim should have been brought under General Statutes 13a-149 and the plaintiffs' failure to give notice pursuant to 13a-149 entitled them to summary judgment. The plaintiffs claim that the action is not under 13a-149 because said fall took place in a parking lot not covered by the statute.
General Statutes 13a-149 provides recovery for, "any person injured . . . by means of a defective road or bridge." General Statutes 13a-149. Recovery has been extended to cover injuries sustained on defective sidewalks. Rodriquez v. New Haven, 183 Conn. 473, 439 A.2d 421 (1981). The defendants argue that recovery should be further extended to parking lots. No supreme court case or appellate court case has extended13a-149 to cover parking lots. The defendants argue that Baker v. Ives, 162 Conn. 295, 294 A.2d 290 (1972) extends13a-149 to cover parking lots. Baker does not extend 13a-149
to parking lots. Baker involved a person who slipped and fell on ice and snow accumulation on a grassy area near a highway after parking her car. Baker, supra, 301. The court in Baker, stated:
 Our holding is that under the particular circumstances of this case the proximity of the defect to the paved portion of the highway in conjunction with the fact that the locus of the fall was in an area where occupants of vehicles were invited by the state to park their cars . . . warrants the conclusion that [recovery is allowable] under [13a-149]. (Emphasis added.)
CT Page 8286
Baker, supra, 302, n. 3. Defendants' reliance on Baker is misplaced; by the court's own admission, their holding is limited to the specific facts of their case.
The only time a Connecticut court has been faced with the decision whether to apply 13a-149 to parking lots, it has decided not to do so. Rotella v. City of Waterbury,4 CSCR 544, (May 31, 1989, Langenback, J.). In Rotella, Judge Langenbach relied on statutory construction in finding a parking lot outside the parameters of 13a-149, stating:
 [S]tatutes that abrogate or modify governmental immunity are to be strictly construed . . . 13-149 protects travelers . . . claiming damages in connection with his use of highway for travel . . . 14-212(5) defines a parking area as `lots, areas . . . for parking motor vehicles off the street or highway' . . . . [therefore] parking lots maintained by municipalities do not come within the purview of 13a-149. (emphasis added)
Rotella, supra, 545. The defendants' allegation that plaintiff Gerryann Appleton's fall comes within the purview of 13a-149
is incorrect. Since 13a-149 is inapplicable, summary judgment based on lack of notice pursuant to 13a-149 is denied.
Municipal Immunity
As an alternative ground for summary judgment the defendants argue that if 13a-149 does not apply, the duty to repair potholes in a parking lot is a discretionary function and therefore they are entitled to municipal immunity.
Evon v. Andrews, 211 Conn. 501, 559 A.2d 1131 (1989) sets forth the general rule of municipal immunity:
A municipality itself, was generally immune from liability for its tortious acts at common law . . . its employees faced the same personal tort liability as private individuals. A municipal employee has qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act . . . the word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. (Citations omitted.) CT Page 8287
Evon, supra, 505. In Gordon v. Bridgeport Housing Authority,208 Conn. 161, 544 A.2d 1185 (1988), the court held that, "whether the acts complained of . . . were governmental or ministerial is a factual question which depends upon the nature of the act." (Emphasis added) Gordon, supra, 165.
The determination of whether the act of repairing potholes in a parking lot not covered under 13a-149 is discretionary or ministerial is a question of fact. The defendants have failed to present any case law which would support their contention that repairing potholes in a parking lot is a discretionary act. Therefore, there is a genuine issue of material fact as to the nature of the defendants' acts. Accordingly, the defendants' motion for summary judgement is denied.
M. Hennessey, J.