[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (105)
On October 8, 1991, the plaintiffs, Joan and Stephen Alfano, filed a complaint against the defendant, Town of Litchfield ("the Town"). The plaintiffs allege that on January 11, 1991, Joan Alfano was in the Litchfield, Connecticut, municipal parking lot, wherein she was caused to fall and suffer injuries, losses and damages. The plaintiffs claim that the municipal parking lot was owned and/or leased by the defendant, and that the defendant is responsible for grading, surfacing, maintaining and lighting said parking area. The plaintiffs contend that the defendant's negligence and carelessness caused Joan Alfano's injuries. CT Page 3495
On January 7, 1992, the defendant answered the complaint and filed four special defenses, the fourth of which asserts chat the defective highway statute is applicable here and that the plaintiff has failed to provide the defendant with the requisite statutory notice pursuant to that section.
On February 20, 1992, the plaintiffs filed a motion to strike the fourth special defense and attached thereto a supporting memorandum. On March 6, 1992, the defendant filed a memorandum in opposition to the motion to strike.
The motion to strike is provided for in Practice Book Sections 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
The plaintiff, in its memorandum in support of its motion to strike, contends that General Statutes Section 13a-149 does not apply to parking lots and, therefore, the defendant's fourth special defense is legally insufficient. The defendant, in responding to the motion to strike, claims that because recovery under General Statutes Section 13a-149 has been extended to cover injuries sustained on public sidewalks, recovery should also be extended to cover injuries sustained in parking lots.
General Statutes Section 13a-149 states, in pertinent part:
 Damages for injuries by means of defective roads and bridges. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . .No action for any such injury shall be maintained against any town, city, corporation, or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or CT Page 3496 treasurer of such corporation . . . .
General Statutes Section 13a-149.
In opposing the motion to strike, the defendant relies heavily upon the fact that recovery pursuant to General Statutes Section 13a-149 has been extended to cover injuries sustained on defective sidewalks. See, e.g., Rodriquez v. New Haven, 183 Conn. 473, 439 A.2d 421 (1981); Angelillo v. Meriden, 136 Conn. 553, 556, 72 A.2d 654 (1950). However, "[t]he only time a Connecticut court has been faced with the decision whether to apply Section 13a-149 to parking lots, it has decided not to do so." Appleton v. Kendra, 6 CSCR 1021,1022 (October 22, 1991, Hennessey, J.) citing Rotella v. City of Waterbury, 4 CSCR 544 (May 31, 1989, Langenbach, J.) In discussing the application of General Statutes Section 13a-149 to municipal parking lots, the Rotella court stated that:
 [S]tatutes that abrogate or modify governmental immunity are to be strictly construed. . .General Statutes Section 13a-149 is designed to protect travelers, only, and the person claiming damages must be injured in connection with his use of the highway for travel. . .General Statutes Section 14-212 (5) defines a parking area as `lots, areas, or other accommodations for the parking of motor vehicles off the street or highway' . . . [Therefore] [p]arking lots maintained by municipalities do not come within the purview of Section 13a-149. (Emphasis added.) (Citations omitted.)
Rotella, supra, 545.
This court follows the reasoning set forth in Rotella and Appleton, supra. Consequently, because General Statutes Section 13a-149 does not apply to parking lots, the motion to strike the fourth special defense is granted.
PICKETT, JUDGE.