[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, William Dellipoali, has filed a one-count complaint seeking to recover damages for an alleged wrongful discharge by his former employer, defendant DHL Airways, Inc. (DHL).
The following facts are taken from the plaintiffs third amended complaint of June 12, 1992, the plaintiff's affidavit filed in opposition to the defendant's motion for summary judgment, and the affidavit of the defendant's regional service director filed in support of the defendant's motion for summary judgment. The plaintiff was employed by the defendant from October 21, 1982 until May 20, 1991. During that time, the plaintiff served in various CT Page 5243-A capacities, including that of supervisor. The plaintiff alleges that his employment was pursuant to a written agreement contained in the defendant's "Employee Handbook" and "Driver's Manual."
DHL requires its employees to adhere to certain rules and regulations regarding the careful operation of company-owned vehicles. These rules are contained in the defendant's manuals, and are intended to promote safety and reduce accidents. The defendant's rules require an employee who is involved in a vehicle related accident to fill out an accident report on the date that the accident occurs. Supervisors are also required to submit a completed report to upper management within twenty-four hours of the occurrence. Pursuant to the defendant's policies, an employee's failure to adhere to the reporting rules could result in the employee's termination.
On May 20, 1991, the defendant terminated the plaintiff for failing to report an accident within the requisite twenty-four hour period. The accident involved a driver who was supervised by the plaintiff. The plaintiff failed to submit a report until three days after the occurrence.
The plaintiff subsequently exercised his right to appeal his termination to various levels of upper management. After the plaintiff went through the defendant's appeal process, the plaintiff was finally terminated as of July 31, 1991. The plaintiff alleges that his termination was in violation of the defendant's written personnel practices and policies. CT Page 5243-B
In count one of the third amended complaint, the plaintiff alleges that the defendant's employee manuals create a valid employment contract, and that the defendant breached the contract because it terminated the plaintiff in violation of the personnel practices and policies stated in the manuals. In count two, the plaintiff alleges that the defendant violated its covenant of good faith when it terminated the plaintiff's employment.
Thereafter, the pleadings were closed and the defendant has filed a motion for summary judgment (#116). Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). A material fact is one that will make a difference in the case. Yanow v. Teal Industries Inc., 178 Conn. 262, 268-69, 422 A.2d 311
judgment, is to determine whether an issue of material fact exists, not to resolve such issues. Telesco v. Telesco, 187 Conn. 715,718, 447 A.2d 752 (1982). The motion should be denied unless the evidence is such that no room for disbelief could exist in the minds of the jurors. Batick v. Seymour, 186 Conn. 632, 647,443 A.2d 471 (1982). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable CT Page 5243-C to the party opposing the motion. Mingachos v. CBS Inc., 196 Conn. 91,111, 491 A.2d 368 (1985).
Count One
In support of its motion for summary judgment, DHL argues that the plaintiff was an employee at will, as its employee manuals disclaim the existence of an employment contract between the parties. The defendant contends that because the plaintiff did not accept employment in reliance on any handbook provisions, the plaintiff's breach of contract claim must fail. The defendant argues, in the alternative, that even if its employee manuals give rise to certain contractual obligations, its termination of the plaintiff was in accord with the defendant's stated policies and, therefore the plaintiff's termination would not constitute a breach of contract.
In response, the plaintiff argues that there is a genuine issue of material fact as to whether the defendant's reason for dismissing the plaintiff was proper in light of the defendant's actual practices.
There is a general presumption that contracts for an indefinite term of employment are terminable at the will of either party at any time and for any reason not involving "`impropriety. . . derived from some important violation of public policy.'" (Citation omitted.) CT Page 5243-D Magnan v. Anaconda Industries Inc., 193 Conn. 558, 572, 479 A.2d 781
(1984). However, employees are not precluded from contracting with their employers for job security. Somers v. Cooley Chevrolet Co., 146 Conn. 627,629, 153 A.2d 426 (1959).
Under certain circumstances, representations and statements in an employer's personnel manual may give rise to an express or implied contract between the employer and employee. Finley v. Aetna Life Casualty Co., 202 Conn. 190, 198, 520 A.2d 208
(1987)."`The intention of the parties manifested by their words and acts is essential to determine whether a contract was entered into and what its terms were . . . .'" (Citation omitted.) Finley v. Aetna Life Casualty Co., supra, 199. "In the absence of definitive contract language, the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact." (Citation omitted.) Coelho v. Posi-Seal International. Inc.,208 Conn. 106, 113, 544 A.2d 170 (1988). "By eschewing language that could reasonably be construed as a basis for a contractual promise, or by including appropriate disclaimers of the intention to contract, employers can protect themselves against employee contract claims based on statements made in personnel manuals." Finley v. Aetna Life Casualty Co., supra, 199 n. 5.
The defendant claims that the first page of its "Driver's Manual" CT Page 5243-E contains the following language: "This Driver's Manual is not intended to and does not create a contract for employment or any contractual obligation. It remains DHL's policy that all employees are `AT-WILL' employees and nothing stated in this manual shall constitute any employer-employee contractual relationship. " (Emphasis added.) However, the defendant omitted the first page of its "Driver's Manual" from its evidentiary exhibits in support of its motion. Thus, the defendant's disclaimer, which is allegedly contained in its "Driver's Manual," is not properly before the court, and the court cannot rely upon this statement in ruling upon the motion for summary judgment even though the plaintiff, in his deposition testimony, acknowledges that he read the driver's manual and the disclaimer contained therein. However, the court cannot rely on these statements because deposition testimony is not a judicial admission; General Statutes 52-200; and "[a]t trial . . . [the plaintiff's testimony] may contradict [his] earlier statement and a question for the jury to decide may emerge." Esposito v. Wethered, 4 Conn. App. 641, 645,496 A.2d 222 (1985). Thus, the court must consider the defendant's personnel policies as stated in its employee manuals, and the plaintiff's contention that these manuals constitute a valid employment contract.
The Pre-employment Information Form, which is entitled "Agreement," and which the plaintiff signed in connection with his application for employment with the defendant, provides as CT Page 5243-F follows: "(2) My employment is in accordance with any applicable written agreement and applicable personnel practices published to employees and, subject to any such agreement or personnel practices, may be terminated by me or DHL at any time." According to this "Agreement," the plaintiff is an employee for an indefinite term, who must conduct his employment in accordance with the defendant's published personnel practices, and who may be terminated subject to the defendant's published personnel practices.
The defendant's "Employee Handbook" provides in pertinent part that: "7. Accident Reports. All employees are required to make out an accident report on the day any accident occurs. A preliminary report of the accident must be filled out at the scene of the accident. Immediately upon return to the office or station, the driver must complete a formal accident report. Failing to complete such a report or falsification of any information on the report will be grounds for disciplinary action or termination." The portion of defendant's "Driver's Manual" which is properly in evidence provides in pertinent part that: "Discharge: Upon receipt of an investigation confirming the following specific violations dismissal will result: (1) Failure to immediately report an accident (same day); (2) Use of, possession of, or driving while under the influence of alcohol or controlled substances (excluding D.O.T. exempt prescriptions); (3) Hit and run accidents; (4) Any "preventable" accident resulting in a fatality or any "serious" CT Page 5243-G bodily injury (hospitalization) and/or excessive property damage (exceeding $4,400); (5) Accidents resulting from failure to properly secure the DHL vehicle from movement (rolling); (6) Transporting unauthorized individuals; (7) Unauthorized use of a DHL vehicle; (8) Vehicle abuse; (9) Driving on a suspended/revoked license; (10) Reckless driving or exhibition of speed; (11) Stolen vehicle as a result of the vehicle not being locked; and (12) Vehicle striking an aircraft." (Emphasis in original).
Interpreting all the facts in the light most favorable to the nonmovant plaintiff, and adopting the plaintiff's argument that a valid employment contract exists based on the relevant portions of the defendant's employment manuals, the defendant could only terminate the plaintiff for failing to comply with its policies as stated in the manuals. The employment manuals contain provisions which allow the defendant to terminate any employee who fails to report an accident within twenty-four hours of its occurrence. The plaintiff was terminated due to his failure to report a vehicle accident within the mandated twenty-four hour period. The defendant's termination of the plaintiff cannot be a breach of the parties' employment contract, assuming arguendo that such a contract exists, as such termination was in compliance with the express terms of that contract. CT Page 5243-H
The plaintiff attempts to raise an issue of material fact by arguing that "Reporting an accident within a twenty-four hour period was not the actual practice followed by [the defendant]."[1]
The plaintiff's contentions that failing to report accidents within twenty-four hours was a "common practice" among "other supervisors" is mere speculation. The plaintiff fails to submit any evidence or affidavits which demonstrate that the defendant does not enforce the twenty-four hour reporting rule as a matter of practice. Thus, because of its self-serving and conjectural nature, the plaintiff's deposition testimony fails to raise a genuine issue of material fact. Since there are no genuine issues of material fact, the defendant's motion for summary judgment is granted as to the breach of contract claim contained in count one.
Count Two
In support of its motion for summary judgment on count two, DHL argues that because the plaintiff's employment was "at, will" and because the defendant did not violate any public policy by terminating him, the plaintiff's claim for breach of the implied covenant of good faith must fail.
In response, the plaintiff argues that a genuine issue of material fact exists as to whether the defendant's reasons for terminating CT Page 5243-I the plaintiff were proper in light of the defendant's actual practices regarding the reporting of motor vehicle accidents. The plaintiff argues that, based on his employment experience, motor vehicle accidents were often reported after the mandated twenty-four-hour period had expired.
The implied covenant of good faith is "[e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." Magnan v. Anaconda Industries. Inc., supra, 567. "[A]bsent a showing that the discharge involves an impropriety which contravenes some important public policy, an employee may not challenge a dismissal based upon an implied covenant of good faith and fair dealing." Carbone v. Atlantic Richfield Co., 204 Conn. 460, 470-71,528 A.2d 1137 (1987). "The principal . . . cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless . . . those terms are contrary to public policy." (Citations omitted.) Magnan v. Anaconda Industries. Inc., supra, 567.
The plaintiff does not argue, nor does he attempt to prove, that the defendant's personnel policies and practices violate public policy. The plaintiff's affidavit and deposition testimony,[2] in which he states that failing to report accidents "is a common practice," and that "to the best of [his] knowledge and beliefs" no CT Page 5243-J other employee has been fired for failing to report an accident, fail to raise a genuine issue of material fact because these statements are speculative and conjectural, and are not supported by any evidence or documentary proof. The defendant's employee manuals clearly state that an employee can be terminated for failure to report an accident within twenty-four hours of its occurrence.
Since there are no genuine issues of material fact, the defendant's motion for summary judgment is granted as to count two of the plaintiff's third amended complaint.