[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff Gerard Grady, a tandem-tractor trailer driver, brought this action against Roadway Package System, Inc. (RPS), alleging that RPS's termination of Grady's employment contract was in violation of public policy, because RPS terminated Grady's contract for failing to report to work while ill. The so-called employment contract, designated the "Linehaul Operating Agreement and Equipment Lease" contained the following provisions relevant to this motion:
 Termination: Either carrier or contractor may terminate this agreement without cause or reason any time upon written notice to the other party. Such written notice to be made by registered or certified mail return receipt requested. . .
 Force Majeure. The contractual obligations imposed upon contractor and carrier by this agreement shall be temporarily suspended during any periods when either party is unable to comply with the requirements of this agreement by reason of force majeure including, without limitation, . . . governmental interference or regulation, and other contingencies, similar or dissimilar to the foregoing, beyond the reasonable control of the affected party.
On November 9, 1987 Grady called RPS and reported that he was too sick to drive that night. RPS terminated Grady's contract the next day. In October 1989, Grady filed this complaint.
RPS has moved for summary judgment arguing that Grady's employment contract was not terminated because he refused to drive while ill, but because he failed to insure that his scheduled deliveries were performed that evening, either by himself or by another driver.
Summary judgment is not to be granted unless the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice CT Page 6134 Book 384. The moving party bears the burden of proof as to any material fact. D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980); Lomagino v. LaChance Farms, Inc., 17 Conn. App. 436, 438, 553 A.2d 197 (1989). The court's function is not to decide issues of fact, but to determine if any exist. Lomagino, 17 Conn. App. at 438. In determining whether or not any genuine issue of material fact exists, the court must view the evidence in the light most favorable to the party opposing summary judgment. Connecticut Bank Trust Co. v. Carriage Lane Assoc., 219 Conn. 772, 781,595 A.2d 334 (1991).
In Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,427 A.2d 385 (1980) the Connecticut Supreme Court first recognized the tort of wrongful discharge. The Court determined that an employer may be responsible in damages if the former worker can establish a "demonstrably improper reason" for the termination of his contract of employment, "a reason who's impropriety is derived from some important violation of public policy." Id. at 475. In discussing "where and how to draw the line between claims that genuinely involve the mandate of a policy and are actionable, and ordinary disputes between employee and employer that are not." Id. at 477, the Court cited a series of cases from other jurisdictions. Those cases held that plaintiffs properly alleged the tort of wrongful discharge where their employers had terminated them for refusing to violate state and federal health, environmental and consumer protection laws. Id. at 479, citing Geary v. U.S. Steel Corp., 456 Pa. 171, 181,319 A.2d 174 (1974); Tembetta v. Detroit, Toledo Ironton R. Co.,81 Mich. App. 489, 496, 265 N.W.2d 385 (1978); Harless v. First National Bank Fairmont, 246 S.E.2d 270, 276 (W.Va. 1978); Pierce v. Ortho Pharmaceutical Corp., 166 N.J. Super. 335,342, 399 A.2d 1023 (1979).
The parties agree that the language of the written contract between the parties explicitly provides both parties with the right to terminate the agreement at any time without cause. However, the plaintiff argues that although RPS had the right to terminate the contract for no reason at all, it did not have the power to terminate its contract for an illegal reason. Grady argues that by terminating his contract because he refused to drive while ill, in conformity with United States Department of Transportation Regulation, RPS acted in violation of an important public policy: that impaired tractor-trailer CT Page 6135 drivers be kept off our public highways.
Federal Motor Carrier Safety Regulation (FMCSR), Section 392.3, issued by United States Department of Transportation, provides:
 Ill or Fatigued Operator. No driver shall operate a motor vehicle, and a motor carrier shall not require or permit a driver to operate a motor vehicle, while the driver's ability or alertness is impaired, or so likely to become impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate a motor vehicle. 49 C.F.R. § 392.3
The defendant argues that his contract was not terminated because he refused to drive due to illness, but because he refused to see that someone covered his route and drive the truck in his place. While the contract contains no specific requirement that the contractor, Grady, obtain replacement drivers to cover his route when he is ill, it could certainly be construed to contain such a requirement. The contract provides that Grady may hire employees to fulfill his driving obligation thereunder. The contract may even be construed as a contract for the provision of motor carrier services and not an employment contract. However, both parties have construed the contract as an employment contract.
There is obviously a dispute between the parties as to whether the Linehaul Operating Agreement and Equipment Lease required Grady to obtain a substitute driver when he was ill. There is also a dispute as to the reason for Grady's termination. The foregoing disputes are as to issues of material fact and it is improper to grant the Motion for Summary Judgment. Therefore, the Motion for Summary Judgment is denied.
By The Court
Aurigemma, J. CT Page 6135-a