[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Statements in a personnel manual are of critical importance to the issue of whether an express contract exists between a defendant employer and plaintiff employee. Finley v. Aetna Life Casualty Co., 202 Conn. 190, 199, 520 A.2d 208 (1987). "The intention of the parties manifested by their words and acts is essential to determine whether a contract was entered into and what its terms were." Id. "In the absence of a `definitive contract language' however, `the determination of hat the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact.'"
 By eschewing language that could reasonably be construed as a basis for a contractual promise, or by including appropriate disclaimers of the intention to contract, employers can protect themselves against employee contract claims based on statements made in personnel manuals.
Id., 199, n. 5.
 The disclaimer at issue states in pertinent part:
 This handbook has been issued to familiarize employees with Medical Center policies and working conditions as of the date of issue. This handbook is not intended to create, nor be construed to constitute, a contract between CT Page 10676 the employee and the Medical Center.
The defendant relies upon Finley v. Aetna, supra, and superior court decisions which have held that similar that contract disclaimers contained within personnel manuals act so as not to create either express or implied contracts of employment.
However, the disclaimers contained within the cases relied upon by the defendant are factually dissimilar to the case at bar. In Hood v. Mercedes-Benz Credit Corporation, 4 Conn. L. Rptr. 680
(June 17, 1991, Lewis, J.) the contractual disclaimer was contained in a section entitled "Notice." Id., 681. In Haley v. Tandy Corporation, Civil Action No. H-88-434 (D. Conn. April 10, 1990), the contractual disclaimer was signed by the plaintiff. Cf. Wallace v. Gaylord Farm Association, 7 CTLR 155 (August 11, 1992, Dorsey, J.) See also Grieco v. The Hartford Courant Company,8 CSCR 219, 220 (January 27, 1993, Aurigemma, J.) (The contractual disclaimer is contained on the first page of a personnel handbook.); Lawrence v. Summit Corporation of America, 8 CSCR 402,403 (March 22, 1993, Sullivan, J.) (The contractual disclaimer is stated in boldface type); Dellipoali v. DHL Airways, Inc.,8 CSCR 653 (May 26, 1992, Lewis, J.) (Contractual disclaimer is contained on the first page of a driver's manual.)
The personnel manual in the present action contains a contractual disclaimer which is untitled, is not referenced in the manual's table of contents, is placed on the last page, and is in fine print.
Summary judgment should be granted if the pleadings, affidavits and other proof show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; see also Lees v. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 592 (1991). "The court's function is not to decide issues of material fact but instead to determine whether such issues exist." Demotses v. Leonard Schwartz Nissan, Inc., 22 Conn. App. 464, 466, 578 A.2d 144 (1990); citing Lomangino v. LaChance Farms, Inc., 17 Conn. App. 436, 438,553 A.2d 197 (1989). Motion denied. CT Page 10677