[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#117)
In summary judgment context the issue presented is whether a mortgagee who has taken title by foreclosure may have a common law duty of care in a negligence action brought by an alleged invitee of the occupants.
The facts are not in dispute. The movant foreclosed its mortgage, took title, and thereafter moved for an order of ejectment against the occupants whereupon an agreement was reached allowing the occupants to remain until a date after the plaintiff's fall.
The defendant argues it had neither possession nor control and therefore owes no duty of care to the plaintiff. The plaintiff asserts that by virtue of its effort to eject the occupants and resulting agreement with them the defendant has assumed the requisite control over the premises. Neither party has presented the court with any factually similar case law on when a mortgagee who has foreclosed assumes sufficient possession or control to support a duty of care.
The court has found two helpful cases. In Craig v.Mohyde (Super.Ct. J.D. of Fairfield at Bridgeport, Docket No. CV94 31 60 56, April 18, 1997) (Moran, J.), the court granted summary judgment to a mortgagee who had not foreclosed or exercised its right to take possession of the property. InLomangino v. LaChance Farms, 17 Conn. App. 436 (1989), the Appellate Court reversed the granting of summary judgment where the mortgagee had foreclosed, did not take possession but had exercised some control over the property.
The case at hand is somewhere in between. Control is a CT Page 12708 question of fact without any technical or precise meaning.Paneroni v. Johnson, 158 Conn. 92, 98 (1969). While the plaintiff's evidence is marginal it is sufficient to defeat summary judgment. Whether the defendant has exercised the requisite control remains a mixed question of intent and fact for the jury.
Motion denied.
LICARI, J.