[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT
In this case, the plaintiffs Ana Sanchez ["Sanchez"] and her minor child Nelwin Renovales ["Renovales"] seek to recover damages for personal injuries that Renovales allegedly sustained due to exposure to lead-based paint while residing at 1430 Fairfield Avenue in Bridgeport, Connecticut. There are three defendants: Peoples Bank do Kimball Group (counts one through eight), 1430 Fairfield Avenue, Inc. (counts nine through sixteen) and People's Bank (counts seventeen through twenty-four) and claims are made against then on the grounds of statutory negligence, common law negligence, CUTPA, and nuisance.
This motion for summary judgment is brought only by the defendants People's Bank do Kimball Group ["Kimball"] as to counts one and two against it and People's Bank ["People's"] as CT Page 3205 to all counts against it. The sole ground asserted in support of People's claim is that it "was merely a mortgagee not in possession of the property located at 1430 Fairfield Avenue, Bridgeport, Connecticut." The sole ground asserted in support of Kimball's claim is that it "was not the owner of the premises." These are the only grounds considered in this ruling.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci,238 Conn. 800, 805-06, 679 A.2d 945 (1996)
People's support its claim with an affidavit from a vice president of People's and a certificate of foreclosure against a prior owner which indicate that People's was the mortgagee of the premises, that it foreclosed upon its mortgage and, following the time for redemption set forth in the judgment of foreclosure, title became absolute in the non-moving defendant 1430 Fairfield Avenue, Inc. on June 5, 1992. Kimball supports its claim with an affidavit from its president, with an attached management and rental agreement, stating that Kimball had no ownership interest in the premises but merely managed it pursuant to an agreement with 1430 Fairfield Avenue, Inc. The management and rental agreement provides, among other things, that Kimball was to "perform all services required in connection with the operation and rental" of the premises including making necessary repairs and collecting rents.
Sanchez and Renovales have filed an objection to the motion for summary judgment, arguing that there exists a genuine issue of material fact as to the status of People's and Kimball with respect to the premises and whether these defendants were in control of the premises during the time the minor plaintiff allegedly was injured. The plaintiff's attach a notice to quit CT Page 3206 and summons showing that "People's Bank do Kimball Group," signing the notice to quit in the "landlord" box, brought a summary process action against Sanchez in August, 1993, an action that only a landlord or his agent may file.[1] Further, the plaintiff's argue that whether Kimball and People's controlled or maintained the premises is a question of fact best left to the fact-finder at trial.
That the summary process action was initiated by People's Bank c/o Kimball Group raises genuine issues of material fact as to whether Kimball was acting either as the landlord or its agent sufficient to impose liability upon it for statutory negligence as alleged in counts one and two. Likewise, the management and rental agreement that Kimball submitted raises genuine issues of material fact as to Kimball's status as a landlord or agent sufficient to defeat its motion for summary judgment. In addition, the plaintiff's evidence, albeit thin, also raises genuine issues of material fact as to whether People's is merely a mortgagee not in possession as claimed or a party otherwise exercising sufficient control over the premises to impose liability upon it. See Lomangino v. LaChance Farms, Inc.,17 Conn. App. 436, 553 A.2d 197 (1989). Furthermore, the determination of what kind of interest People's held in the premises at the relevant time depends upon the nature of the relationships between the three defendants in this case, which has not been made clear by the moving defendants. The corporate structures and agency relationships must be determined, and such determinations constitute outstanding questions of fact that prevent the granting of summary judgment on the grounds set forth in the motion.
Accordingly, the motion for summary judgment of the defendant People's Bank do Kimball Group as to counts one and two is denied. The motion for summary judgment of the defendant People's Bank as to counts seventeen through twenty-four is denied.
LINDA K. LAGER, JUDGE