[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#138)
CT Page 5097
The defendant, United Steel and Wire Company (United), moves for summary judgment in response to a complaint filed on April 11, 1994, by the minor plaintiff, Kathryn LaBelle, and her mother, Claire LaBelle, for personal injuries and money damages.
The complaint consists of three counts: counts one and two set forth claims sounding in products liability pursuant to General Statutes §52-572m et seq against United; and count three states a claim sounding in negligence against Caldor Incorporated (Caldor). For the purpose of this motion, only counts one and two are addressed.
Count one alleges that United is engaged in the business of designing, manufacturing, distributing and/or selling metal and plastic shopping carts for use at retail establishments such as Caldor. That on December 28, 1992 Kathryn LaBelle sustained personal injuries which were proximately caused by the defective design and/or construction of a United cart, and that United failed to provide adequate warnings, instructions and/or safety precaution information regarding the tip-over danger of its carts. Count two incorporates the facts alleged in count one and alleges that United acted with reckless disregard for the safety of consumers by placing such carts in the stream of commerce.
On March 26, 2001, United filed a motion for summary judgment on the ground that its shopping cart had not been identified as being involved in the alleged incident and, therefore, it is entitled to judgment as a matter of law. In support of its motion, United submitted a memorandum of law along with several deposition transcripts and Caldor's supplemental responses to the plaintiffs' interrogatories. On December 26, 2001, the plaintiffs filed a timely memorandum in opposition along with a report from its engineering expert, answers to interrogatories and several deposition transcripts.
United argues that summary judgment is appropriate in this case because there are no disputed issues of material fact. United claims that the plaintiffs have failed to provide credible evidence to support their allegations that a United shopping cart was involved in the incident and that the plaintiffs cannot identify the subject cart. As such, United says the plaintiff cannot present evidence that the involved cart was manufactured by United and reached the plaintiffs without substantial change in condition from the time it was sold to the time of the incident. Thus, United moves for judgment as a matter of law. In response, the plaintiffs argue that genuine issues of material fact exist regarding the identification of the subject shopping cart. CT Page 5098
In short, the dispute arises over the manner in which the shopping cart in question was identified by the plaintiff as being a product of United. From the materials provided, it appears that approximately seven months after the date of the accident, the plaintiffs expert met the plaintiffs mother at the Caldor store at which the incident alleged in the complaint took place. The plaintiffs mother and the expert proceeded inside the store, where the plaintiffs mother viewed several shopping carts. She eventually identified one of the carts as being the type of cart that the child was in at the time of the injury. Upon inspection, that cart was found to contain identification indicating that it was a product of United. That identified cart was then tested by the plaintiffs expert, which test forms a basis for his opinion with respect to this product.
The defendants' motion for summary judgment seeks for this court to determine the credibility of the plaintiffs' evidence. However, "it is the province of the trier of fact to resolve issues of credibility."Sharp v. Wyatt, Inc., 31 Conn. App. 824, 843, 627 A.2d 1347 (1993), aff'd., 230 Conn. 12, 644 A.2d 871 (1994). The trial court does not sit as the trier of fact when ruling on a motion for summary judgment. SeeLomangino v. LaChance Farms, Inc., 17 Conn. App. 436, 438, 553 A.2d 197
(1989). "Deposition testimony often involves opinions and calls into question the credibility of the deponent." Tryon v. Town of NorthBranford, 58 Conn. App. 702, 716, 755 A.2d 317 (2000). "It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." Id., 717.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any issue of material fact, the party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Zichichi v. MiddlesexMemorial Hospital, 204 Conn. 399, 402, 528 A.2d 805 (1987). In the present case, the plaintiffs have supported their allegations with evidence implicating United as the manufacturer of shopping carts that were distributed to Caldor and that the plaintiff sustained injuries and damages while seated in a United shopping cart at a Caldor store. Although, United argues that there is no factual basis upon which it can be held liable for the injuries sustained, this court concludes that the plaintiffs' evidence presents a genuine issue of material fact as to the identification of the shopping cart that the child was sitting in when she was injured. CT Page 5099
Whether the plaintiffs can prove that Kathryn LaBelle was seated in a United shopping cart at the time she was injured depends on the credibility and weight accorded to their evidence. This court leaves to the jury the determination of whether or not the plaintiffs' evidence is credible regarding the identification of the shopping cart in issue.
For the foregoing reasons, United's motion for summary judgment is denied.
____________________________ Antonio C. Robaino Judge of the Superior Court