[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT (#105)
 I FACTS
This action arises out of a liquidated claim for money damages. The plaintiff, ECP Incorporated (ECP), commenced this action on October 4, 2001, by filing a one count complaint against the defendant, Cartwright Limited Partnership I (CLP), alleging a balance of $1,446 dollars due and owing to ECP pursuant to an itemized statement of account and individual invoices. On March 22, 2002, ECP filed its motion for summary judgment claiming that there are no genuine issues of material fact in regard to its complaint. In support of its motion, ECP submitted a memorandum of law along with an affidavit of debt and invoice documents. On April 4, 2002, CLP filed an objection, memorandum of law in support thereof and an affidavit of debt, shipping documents, and invoice statements. CT Page 9051
 II DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Bracket in original; citation omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
ECP argues that summary judgment is appropriate in the present case because there are no disputed issues of material fact and that CLP filed only a general denial, rather than asserting affirmative defenses, to the complaint. In response, CLP argues that genuine issues of material fact exist regarding the amount of debt owed and the failure of ECP to credit CLP's returned merchandise to its account, as evidenced by CLP's sworn affidavit of debt, invoice statements and shipping documents. In addition, CLP contends that ECP failed to show the absence of any genuine issue of material fact, as CLP's affidavit of debt contradicts ECP's affidavit of debt. CLP concludes, therefore, that because the amount of debt owed to ECP is a material fact that is in dispute summary judgment should not be granted.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any issue of material fact, the party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Zichichi v. MiddlesexMemorial Hospital, 204 Conn. 399, 402, 528 A.2d 805 (1987). In the present case, CLP has substantiated its claim that a genuine issue of material fact does exist regarding the amount of money owed to ECP through its affidavit of debt and other supporting documents. Although, ECP maintains that there is no factual dispute as to a genuine issue of material fact, this court concludes that the evidence submitted indicates otherwise. The trial court does not sit as the trier of fact when ruling upon a motion for summary judgement, but rather determines whether any issues of material fact exist. See Lomangino v. LaChance Farms, Inc.,17 Conn. App. 436, 438, 553 A.2d 197 (1989); see also, Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). Accordingly, the court finds that a genuine issue of material fact does exist concerning CT Page 9052 the amount of debt owed and, thus, properly leaves the determination of the weight to be accorded to the evidence submitted for a jury to decide.
 III CONCLUSION
For the foregoing reasons, ECP's motion for summary judgment is denied.
Foley, J.