EVELYN B. DeMOTSES *v.* LEONARD SCHWARTZ NISSAN, INC.
(8175)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued April 16—decision released July 31, 1990

*Britta S. Schneider,* for the appellant (plaintiff).
*James W. Shea,* for the appellee (defendant).

O'CONNELL, J. This is the plaintiff's appeal from the granting of the defendant's motion for summary judgment. The complaint was in four counts alleging (1) breach of contract, (2) misrepresentation, (3) negligence, and (4) violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The court granted summary judgment for the defendant on all four counts. On appeal, the plaintiff limits her claim to the propriety of granting summary judgment on the CUTPA count. We reverse the judgment of the trial court.

The following facts relevant to this appeal are not in dispute. On September 16, 1986, the plaintiff entered into a written contract to buy a car from the defendant. The contract was on a standard form with details of the particular sale on the front and additional boiler plate terms on the back. Among these terms was a provision whereby the buyer agreed to pay any price increases made by the manufacturer or distributor prior to delivery.

The defendant's salesperson completed the front of the contract with details of the sale including the price. The salesperson then turned the contract around so that the plaintiff could review and sign it. At no time did the salesperson turn the contract over and review the additional printed terms on the back, nor did she bring the existence of those terms to the plaintiff's attention. Thus, the plaintiff did not read the terms and was not aware of them prior to signing the contract.

On October 3, the defendant advised the plaintiff that there would be a $500 to $600 price increase. The plaintiff refused to pay the increase, and the defendant refused to deliver the car at the previously agreed upon price. The defendant returned the plaintiff's deposit, and this action followed.

In granting the defendant's motion for summary judgment, the trial court noted that the facts alleged by both parties in their supporting documents were virtually identical. The court concluded from this that the plaintiff had not met her burden of setting forth specific facts to show the existence of a genuine issue of material fact to be tried, and it rendered summary judgment for the defendant.

" 'Summary judgment shall be rendered if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 384.' " *Lomangino* v. *LaChance Farms, Inc.*, 17 Conn. App. 436, 438, 553 A.2d 197 (1989). The court's function is not to decide issues of material fact but instead simply to determine whether such issues exist. Id.

The defendant argues that because the facts in the plaintiff's affidavit and other supporting materials do not contradict the evidence submitted by the defendant, there is no issue of material fact to be decided. We do not agree. While the parties have submitted virtually identical descriptions of what transpired between them, the question of whether the defendant's conduct violated CUTPA remains undecided. Whether a practice is unfair and thus violates CUTPA is an issue of fact. See *Atlantic Richfield Co.* v. *Canaan Oil Co.*, 202 Conn. 234, 238, 520 A.2d 1008 (1987).

General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." A finding of unfairness depends on " '(1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other

words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers . . . .' *Conaway* v. *Prestia,* [191 Conn. 484, 492–93, 464 A.2d 847 (1983)] . . . ." (Citations omitted.) *McLaughlin Ford, Inc.* v. *Ford Motor Co.,* 192 Conn. 558, 567–68, 473 A.2d 1185 (1984).[1] The trial court should have left this determination to the jury. See *Atlantic Richfield Co.* v. *Canaan Oil Co.,* supra, 239–40.

The issue here is analogous to a case arising out of a motor vehicle accident in which both parties agree exactly on the manner of operation of both drivers but do not agree on whether, under the circumstances then and there existing, the defendant's operation constituted negligence. Since negligence is generally a question of fact, not law; see *DeLucco* v. *Mott's Super Markets, Inc.,* 158 Conn. 615, 616, 259 A.2d 646 (1969); summary judgment would not be appropriate in such a case. In the present case, it is apparent that the parties are not in agreement on whether the defendant's failure to disclose and discuss the terms on the back of the contract was an unfair or deceptive practice. Therefore, the case must be remanded for a trial on the merits of the plaintiff's CUTPA claim.

The judgment is reversed as to the plaintiff's claim under CUTPA and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

---

[1] A plaintiff does not have to satisfy all three criteria in order to show that a practice is unfair. *McLaughlin Ford, Inc.* v. *Ford Motor Co.,* 192 Conn. 558, 569 n.15, 473 A.2d 1185 (1984).