[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Central Bank, moves this court for summary judgment pursuant to PB 378 et seq. in the above captioned matter. The plaintiff alleges that there are no issues of material fact in dispute and therefore the plaintiff is entitled to judgment as a matter of law.
The function of the court in determining a motion for summary judgment is not to decide issues of material fact, but rather to determine whether any such issue exists. Nolan v. Borkowski, 206 Conn. 495, CT Page 836 500 (1988).
The movant for summary judgment carries burden of demonstrating absence of issues of material fact. Nolan, supra, 500; Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317 (1984).
Since litigants ordinarily have a constitutional right to have issues of fact decided by a jury, movant for summary judgment is held to strict standard demonstrating his entitlement to such remedy Kakadelis v. DeFabritis, 191 Conn. 276, 282.
A motion for summary judgment is to be denied when there is permissible room for conflicting inferences, see United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 379, and movant fails to foreclose possibility of existence of issues of material fact, see Fogarty v. Rashaw, 193 Conn. 442, 445.
The court will not engage in a detailed recitation of the factual basis underlying the cause of action. Simply put, CSB Financial (defendant) was engaged in providing financial loans to a specific entity (borrower). On or about March 14, 1988, Central Bank (plaintiff) and the defendant entered into negotiations whereby the parties would enter into a "participation agreement" (agreement) wherein the plaintiff agreed to purchase from the defendant a participation interest in loans from the defendant to the borrower.
On March 16, 1988, the parties executed the agreement and the plaintiff tendered $1,000,000 to the defendant for the benefit of the borrower in accordance with the agreement. The borrower soon thereafter defaulted. The plaintiff was an "indirect participant" in that it had no direct dealings with the borrower. The defendant on the other hand, did deal directly with the borrower.
The plaintiff brings the complaint in three counts: 1) breach of contract; 2) fraudulent misrepresentations; and 3) unfair trade practices.
FIRST COUNT
In the first count — breach of contract — the plaintiff claims inter alia, that in the agreement the defendant represented that he, the defendant, would exercise "due diligence" with respect to the loan and the borrowers. The plaintiff claims that the defendant did not exercise due diligence and thereby breached the contract.
Paragraph 6 of the agreement contains the due diligence clause and it is noteworthy that said paragraph was modified by the plaintiff prior to execution. The language of paragraph 6 reads CT Page 837 in part: "We (defendants) shall handle all transactions relating to the loans and any collateral in accordance with. . . ." (emphasis added).
The plaintiff claims that this warranty applies to the exercise of due diligence with respect to all transactions and review of the collateral that took place before and leading up to the execution of the agreement and beyond.
The defendant claims that the word "shall" in paragraph 6 is forward looking and applies to the exercise of due diligence at the time of the execution of the agreement and thereafter into the future. The defendant further claims that the paragraph should be construed strongly against the plaintiff because the paragraph was inserted by the plaintiff for the benefit of the plaintiff.
The interpretation and effect of the words in a contract are to be determined from the intent of the parties. The determination of the intention of the parties is an inference of fact.
The court, having found an issue of fact under the first count, will search the record no further.
SECOND COUNT
The second count is one grounded in fraudulent misrepresentation. The essential elements of fraudulent misrepresentation are that a false representation is made as to a statement of fact, that it is untrue and known by the defendant to be untrue, that it is made to induce the plaintiff to do something, and that plaintiff acts upon the false representation to his detriment. Muller v. Appleby, 183 Conn. 51, 54-55 (1981).
It is not disputed that many representations were made by the defendants to the plaintiff in order to inform the plaintiff of the circumstances of the defendant's loan to the borrower, the collateral of the borrower tendered as security for the loans and the financial condition of the borrower.
The plaintiff must prove, inter alia, in order to support his claim under this count, that the representations of the defendant were untrue and known to be untrue by the defendant at the time they were made. The affidavits tendered by the defendant in support of his objection to the subject motion refute such knowledge on the part of the defendant.
The element of scienter on the part of the defendant is a material issue of fact.
The court, having found an issue of fact under the second CT Page 838 count, will search the record no further.
THIRD COUNT
The third count of the complaint is one which alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes 42-110b et seq.
The plaintiff claims under this count, inter alia, that the actions, inactions and misrepresentations of the defendant constituted unfair or deceptive acts or practices in the conduct of its trade or commerce in that the defendants offended established public policy, were unfair, immoral, unethical, unscrupulous and deceptive.
Whether a practice is unfair and thus violates CUTPA is an issue of fact. See Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 238, 520 A.2d 1008 (1987) and DeMotses v. Leonard Schwartz Nissan, Inc., 22 Conn. App. 464, 466.
 General Statutes 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." A finding of unfairness depends on "`(1) [w]hether the practice, without necessary having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers. . . .' Conaway v. Prestia, [191 Conn. 484, 492-93, 464 A.2d 847 (1983)] . . . ." (Citations omitted.) McLaughlin Ford Inc. v. Ford Motor Co., 192 Conn. 558, 567-68, 473 A.2d 1185
(1984). The trial court should have left this determination to the jury. See Atlantic Richfield Co. v. Canaan Oil Co., supra, 239-49. Demotses, supra, 466-467.
There exists genuine issues of material fact in the third count. This court makes no determination as to whether or not CUTPA applies to these facts.
The court, having found an issue of fact under the third count will search the record no further.
The movant for summary judgment carries the burden of demonstrating absence of material facts. The moving party, the plaintiff, has not carried that burden as to each of the three counts.
The motion for summary judgment is denied in each of the three counts of the complaint.
MIANO, J. CT Page 839
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 840
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 841
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 842