[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THE THIRD COUNT OF THE COMPLAINT.
The defendant, Rotair Industries, Inc., has moved to strike the third count of the amended revised complaint dated August 7, 1990, because the count fails to state a claim upon which relief can be granted since a mere breach of contract does not support a cause of action under the Connecticut Unfair Trades Practices Act (CUTPA), General statutes 42-110a through 42-110q
In the first count of its amended revised complaint, the plaintiff, Alpine Machine Tool Corporation, has alleged a breach of its contract by the defendant, Rotair Industries, Inc. The plaintiff alleges that it had agreed, under defendant's written supplemental purchase order of July 1, 1988, to fabricate twenty-five housing assembly units according to contract specifications. The defendant was to supply all parts necessary for the manufacture of the units, including heat treated forgings complying with the hardness requirements of the plans and specifications for the units. The contract price was $9,750.00.
The plaintiff claimed it manufactured the units and shipped them to the defendant in accordance with the contract agreement, but that in July, 1989, the defendant rejected the units, issued a debit memo to the plaintiff in the amount of $9,767.10 and deducted additional monies due the plaintiff in the amount of $2785.10, to a total debit of $12,570.90.
The plaintiff claims the rejection of the units and failure CT Page 3372 to pay the total of $12,570.90, despite demand for payment from the plaintiff, was a breach of its contract.
In the second count, the plaintiff reiterates its factual claims and alleges that the defendant's refusal to pay the sum has unjustly enriched the defendant to the financial loss of the plaintiff.
In the third count, which is the subject of this motion, the plaintiff reiterates all the allegations and claims of the first two counts and adds the following:
"12. Said acts of the defendant constitutes unfair and/or deceptive acts and practices in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), as codified in C.G.S. Section 42-100 et seq.
"13. The conduct of the defendant offended the public Policy of the State of Connecticut, against failing to honor contracts, in that the defendant failed to timely disclose any purported discrepancies in said contract but rather chose to attempt to reject acceptance of the goods provided pursuant to the contract, to gain an unfair advantage on price terms pursuant to the contract.
"14. Said acts were immoral, unethical, oppressive and unscrupulous.
"15. As a result of the defendant's violations of C.G.S. Section 42-110 et seq., as aforesaid, the plaintiff has sustained actual and ascertainable loss and damage, as aforesaid.
"16. Notice of this suit was given to the Attorney General of the State of Connecticut as required by C.G.S. Section 42-110g."
 I.
A motion to strike admits, as did the former demurrer, all facts well pleaded and those facts necessarily implied and fairly provable from the allegations. Amadio v. Cunningham,182 Conn. 80, 82-83, 438 A.2d 6 (1980).
But, "A motion to strike does not admit legal conclusions. Verdon v. Transamerica Ins. Co., 187 Conn. 363, 365, 446 A.2d 3
(1982). Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike. The trial court may not seek beyond the complaint for facts not alleged, or necessarily implied. . . . Cavallo v. Derby Savings Bank,188 Conn. 281, 285-86, 449 A.2d 986 (1982)." Fortini v. New England CT Page 3373 Log Homes, Inc., 4 Conn. App. 132, 134-35, 492 A.2d 545 (1985).
"General Statutes Section 42-110b provides in part that `[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.' Connecticut courts have adopted the federal criteria for determining when a practice is unfair. These are `(1) [W]hether the practice, without necessarily having previously been considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen)]. `McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 568, 473 A.2d 1185
(1984), quoting Conway v. Prestia, 191 Conn. 484, 492-93,464 A.2d 847 (1983)." Edart Truck Rental Corporation v. B. Swirsky Co., 23 Conn. App. 137, 144, A.2d (1990).
This formula is known as the "cigarette rule", because of the companies involved in the formulation of the rule in the case of FTC v. Sperry Hutchinson Co., 405 U.S. 233,92 S.Ct. 898, 31 L.Ed.2d 170 (1972).
A party does not have to satisfy all three criteria in order to show that a practice is unfair. McLaughlin Ford, Inc., supra, at 569, n. 15.
 II.
The plaintiff has alleged that, in accordance with contract requirements, it delivered twenty-five housing assembly units, fabricated at the request of the defendant, for an agreed price of $9,750. The defendant rejected the units and debited and deducted monies due the plaintiff to an amount of $12,570.90. The plaintiff claims the defendant breached the contract and also unjustly enriched itself to the financial loss of the plaintiff.
In the third count, claiming a CUTPA violation, these allegations are repeated. The only suggested factual allegation added is the assertion in paragraph 13 that "the defendant failed to timely disclose any purported discrepancies in said contract but rather chose to attempt to reject acceptance of the goods provided pursuant to the contract, to gain an unfair advantage on price terms pursuant to the contract."
In its brief, the plaintiff appears to have abandoned the contention that a simple breach of contract violated the first CT Page 3374 prong of the "cigarette rule" at least as a distinct basis for the claim of a CUTPA violation.
The plaintiff however maintains that the allegations support a claim that the defendant's conduct was oppressive and unscrupulous under the second criteria.
The plaintiff, in its brief, asserts at page 3 that: "The pleading alleges that the defendant acted unfairly and deceptively by failing to timely disclose purported discrepancies in the product shipped by the plaintiff pursuant to the contract which plaintiff alleges defendant breached. It further alleges that defendant chose, unscrupulously, to attempt rejecting acceptance of the goods which plaintiff had provided in order to gain an unfair advantage on price terms pursuant to the contract."
The plaintiff, in its brief, asserts at page 4 that: "[w]hen a business agrees to purchase a product and then, to avoid payment for the product, rejects acceptance of the product, when with all candor it could have disclosed information to the supplying business to avoid a non-payment situation, contrary to the expectations and financial loss and damage to the business reputation of the supplier, it should be considered oppressive and unscrupulous in violation of CUTPA."
However, "Not only must the facts be pleaded, but they must be `well pleaded.' A demurrer, for example, does not admit allegations which are contradicted elsewhere in the pleadings by the same pleader. Nor does a demurrer admit the opinion of the pleader. Conclusions of law, opinions of the pleader, and contradictory allegations are not facts `well plead.'" 1 Stephenson, Connecticut Civil Procedure (2d Edition), Sec. 116c.
It may be that a failure to disclose and discuss a contractual provision which might affect a party's obligation and, of which provision it was apparent that party was not aware, could be established to be an unfair or deceptive practice under CUTPA. DeMotses v. Leonard Schwartz Nissan, Inc., 22 Conn. App. 464,467, 578 A.2d 144 (1990). However, it is incumbent upon the plaintiff to plead facts from which this conclusion might be inferred.
The same possibility of claiming an unfair or deceptive practice under CUTPA may be true with regard to a failure to disclose and discuss correctable defects which had been discovered in the goods fabricated; despite its assertion in the brief, this is not what the plaintiff stated in paragraph 13. Such a claim, if that is what was meant in paragraph 13, CT Page 3375 appears to contradict the plea of delivery of complying goods asserted in the earlier counts. If, nonetheless, this is the basis of the CUTPA claim, then it is the obligation of the plaintiff to plead facts upon which the conclusion may be inferred.
As it stands, the third count does not plead facts to support a claim upon which relief under CUTPA may be granted. The Motion to strike the third count of the amended revised complaint is granted.
NIGRO, J.