[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Maritime Center of Norwalk, ("Maritime") has moved to strike the Tenth and Fourteenth Counts of the complaint on the ground that the allegations contained therein do not constitute a proper basis for a CUTPA violation. The complaint alleges that the defendant, International Expeditions Inc. ("International"), is in the business of arranging expeditions to worldwide destinations including the Galapagos Islands. The plaintiff further alleges that the Summer of 1990 International and Maritime entered into a joint venture for the purpose of marketing the tour to the Galapagos and that pursuant to that agreement Maritime promoted International's tour. The plaintiffs allege that the defendants represented to the plaintiffs that they had selected the best available touring vessels which were among the safest and most accommodating boats available. The complaint also alleges that in October of 1990 the plaintiffs undertook the tour to the Galapagos Islands and were injured as a result of a fire aboard the vessel. The plaintiffs further allege that in July of 1990 the same vessel experienced a fire and the defendants knew or should have known that there were no smoke detectors in the cabins; that the crew had no training in dealing with emergency fires; that the crew did not conduct fire drills; that the provisions for extinguishing a fire were inadequate; that lifeboats were unusable and that the defendants failed to warn the plaintiffs of the foregoing deficiencies.
The plaintiffs also claim that the representations made by the defendant regarding the safety of the tour vessel were recklessly made, were known to be untrue or made in ignorance of the truth, or without reasonable grounds therefore, the plaintiffs further allege that the representations were made for the purpose of inducing the plaintiffs to undertake the tour and that the plaintiffs relied upon those statements.
The plaintiffs then claim that the foregoing allegations constitutes an unfair trade practice and violation of General Statutes Section 24-110b.
General Statutes Section 42-110b provides:
 "No person shall engage in unfair methods of competition or unfair or deceptive acts or practices in the conduct CT Page 1772 of any trade commerce."
In the determination of whether a particular conduct comes within the general description of the statute, our courts employ the following criteria: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . .". Sanghavi v. Paul Revere Life Ins. Co.,214 Conn. 303, 310-311 (1990); Dow Condon Inc. v. Anderson, 203 Conn. 475,483 (1987); Webb Press Services Corp. v. New London Motors,203 Conn. 342, 355 (1987). The determination of whether particular conduct is unfair or deceptive, may be a question of fact. DeMotses v. Leonard Schwartz Nissan Inc., 22 Conn. App. 464, 467
(1990). A practice may be unfair because of the degree to which it meets one of the criteria, or because it meets all criteria to a lesser degree. Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 242 (1987).
Many of the allegations made by the plaintiff concern claims that the defendant was negligent in that the defendant knew or should have known of certain factors and failed to warn the plaintiffs of those factors. Such claims may well not be encompassed within the description of CUPTA. See King v. AMS Interiors Inc., 4 Conn. L. Rptr. No. 13, 423 (August 12, 1991) (Karazin, J,). The Tenth and Fourteenth counts of the complaint to which the motion to strike has been addressed also include allegations of fact that the defendant Maritime made representations regarding the safety of the tour vessel, which were known to be untrue, for the purpose of inducing the plaintiffs to enter into a contract with the defendant Maritime for a tour of the Galapagos Islands. Such claims could result in a determination of a CUPTA violation. Where the allegations of the complaint, construed most favorably to the pleader, would support a cause of action, the motion to strike must be denied. Ferryman v. Groton,212 Conn. 138, 142 (1989).
Accordingly, the motion to strike is denied.
RUSH, J.