[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION OF DEFENDANT TOWN OF OLD SAYBROOK FOR SUMMARY JUDGMENT
On July 3, 1989, the plaintiffs, John Pratt and his mother, Suzanne Wilson, filed a five count amended revised complaint against the defendants, the Town of Old Saybrook (the Town), and Wili and Toni Benoit. Count one alleges that the Town breached its duty to properly maintain Ingham Hill Road, on which the plaintiff Pratt, a minor, was injured in a single car accident on January 6, 1987. Count one of the complaint alleges that, in December of 1986, the Town attempted to correct a problem of standing water along the edge of Ingham Hill Road by "filling-in" an area adjacent to the roadway with gravel. The plaintiffs allege that the Town's action created an inherently dangerous condition in that the addition of gravel moved the location of the standing water onto the roadway itself. The plaintiffs further allege in count one that the Town breached its duty of care in failing to remedy a dangerous condition of standing water on Ingham Hill Road, even though it knew or should have known that the condition existed for some time; in failing to take measures to remedy the dangerous condition of an ice patch extending CT Page 8675 across the southerly travel portion of Ingham Hill Road; and in failing to warn users of the road of the dangerous conditions.
In count two of the amended revised complaint, the plaintiffs allege that plaintiff Wislon, as mother of the plaintiff Pratt, has incurred and will incur future expenses, on behalf of her son, in the form of medical and surgical care, supplies, medication and rehabilitation.
The third, fourth and fifth counts of the amended revised complaint, not presently at issue, are directed against the defendants Benoits as owners in control of certain premises which abuts the southerly travel portion of Ingham Hill Road.
On October 9, 1990, the Town filed its answer and special defenses in which the Town denies the allegations contained in count one of the plaintiff's complaining regarding the existence of an ice patch of Ingham Hill Road at the time of the accident. On July 9, 1993, the Town moved for summary judgment as to count one of the plaintiff's amended revised complaint alleging that count one is legally insufficient as a matter of law and there exists no issue of material fact relative to the motion. Pursuant to Practice Book Sec. 380, the Town filed a memorandum of law together with excerpts of deposition testimony in support of the motion for summary judgment. The plaintiffs filed an objection to the motion for summary judgment together with a memorandum of law and documentary evidence and excerpts of deposition testimony. Supplementary memoranda in support and in opposition to the motion for summary judgment with supporting documentation and excerpts of deposition testimony were filed by the defendant and plaintiff on September 9, 1993, and September 15, 1993, respectively. Oral argument at short calendar was heard on September 15 and 16, 1993.
Summary judgment should be granted if the pleadings, affidavits and other proof show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book Sec. 384; see also Lees v. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 592
(1991). `"While the burden of showing the nonexistence of any material fact is on the party seeking summary judgment; see D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); `the party opposing [summary judgment] must CT Page 8676 substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.'" Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 165, 166, 604 A.2d 1339
(1992), aff'd, 224 Conn. 241, A.2d (1992), quoting Bassin v. Stamford, 26 Conn. App. 534, 537, 602 A.2d 1044 (1992). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any general issue of material fact." (Citations omitted.) State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988). "The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted.) Id. "Once the moving party has presented evidence is support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." (Citation omitted.) Id. "The court's function is not to decide issues of material fact but instead to determine whether such issues exist." DeMotses v. Leonard Schwartz Nissan, Inc., 22 Conn. App. 464, 466, 578 A.2d 144 (1990), citing Lomangino v. LaChance Farms, Inc., 17 Conn. App. 436,438, 553 A.2d 197 (1989). In deciding a motion for summary judgment, the trial court must view the pleading and documents submitted in the light most favorable to the non-moving party. Connell v. Colwell, 214 Conn. 242, 246, 247,571 A.2d 116 (1990).
The Town argues that the undisputed facts in the present case establish that ice was not a factor in causing the plaintiff's accident. The Town contends that there is no evidence to shown the existence of a patch of ice, untreated by sand, or that such a patch of ice caused the accident at issue. The Town relies on the deposition testimony of Omer Beristain, the front seat passenger of the automobile at the time of the accident, and Andrew Ramisch, the plaintiff's expert witness, to support the proposition that the plaintiffs have failed to establish the existence of an untreated patch of ice on Ingham Hill Road.
Additionally, the Town argues that the opinion testimony of passengers in the automobile, bystanders, and experts, leads to the conclusion that the plaintiff Pratt's speeding caused the accident. The Town concludes that the evidence gathered throughout the course of discovery establishes that the plaintiff's accident was not in any way ice-related. CT Page 8677
In opposition to the motion for summary judgment the plaintiffs argue that a material issue of fact is present in the existence or nonexistence of the untreated ice patch. The Town relies on the deposition testimony of Beristain, statements given to the police by Beristain and a police report which refers to an ice patch and contains a diagram of the accident scene that details an ice patch. The plaintiffs also point to the Town's propitious loss of police photographs of the accident scene taken just after the incident.
The deposition transcript of Omer Beristain, the front seat passenger in the automobile in question, provides in part:
Q: And was he able to negotiate that turn to the left?
A: Well, he — we hit a patch of ice.
Q: You didn't see a patch of ice at that time, did you?
A: Ater [After] the accident.
 Q: At the time you were proceeding on the road did you see any patch of ice?
A: No. No, we didn't.
Deposition of Omer Beristain, pp. 41-42.
Q: You felt the car started to slide when it was on the curve?
A: Yes.
 Q: In your statement you indicated that you thought it was a patch of ice?
A: Yes.
Q: Why did you indicate that in your statement?
 A: Because first of all — I don't know. First of all, when we hit the turn and we started to slide, I just thought to myself, what else could have caused it. And then after the accident when a lot of people were around, me and this other gentlemen checked CT Page 8678 out the turn and there was a little patch of ice.
Q: There was ice there?
A: With some sand over it.
Deposition of Omer Beristain, pp. 75-76.
 Q: Relative to the ice, you saw no ice prior to the accident. Isn't that so?
A: Yes.
 Q: And you went back afterwards and saw a little spot of ice on the side of the road?
A: Patch of ice, yeah.
 Q: But you are only guessing whether or not he went through that ice?
A: Yeah.
 Q: And relative to your examination of that ice, you saw sand on it?
A: Yes.
 Q: But you saw no displacement of the sand or no indication of any skidding on that ice.
A: No.
 Q: You are only guessing that he went there because you don't know exactly when he went out of control other than in the curve. Isn't that correct?
 A: Yes. Deposition of Omer Beristain, pp. 97-98.
The Town argues that the plaintiff's opposition to the motion for summary judgment is ineffective as speculative evidence cannot serve as a basis for opposition for a motion for summary judgment. See Kakadelis v. DeFabritis, 191 Conn. 276,281, 464 A.2d 57 (1983). The Town, relying on Nolan v. CT Page 8679 Borkowski, 206 Conn. 495, 504, 505, 538 A.2d 1031 (1988), and the cases cited therein, argues that the plaintiff's reliance on the deposition testimony of Beristain to demonstrate the existence of an untreated ice patch is insufficient as such evidence is too speculative and too conjectural so as to serve as a basis for opposition to a motion for summary judgment.
The Town is attempting to shift the burden of proof to the plaintiffs without first fulfilling evidentiary onus which the motion for summary judgment places upon the movant. The law is clear that the movant must first shown that it is quite clear what the truth is and that it excludes any real doubt as to the existence of any genuine issue of material fact. State v. Goggin, supra, 616. The movant must first demonstrate that it would be entitled to a directed verdict on the same facts. Id. If the Town fails to so demonstrate the motion for summary judgment must fail.
Demonstrating the lack of a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleading from which material facts alleged in the pleading can warrantably be inferred. Trotta v. Branford, 26 Conn. App. 407,412, 601 A.2d 1036 (1992). "The primary purpose of a deposition taken pursuant to Connecticut Practice rules is discovery." Esposito v. Wethered, 4 Conn. App. 641, 645,496 A.2d 222 (1985); see also Carrol v. Topolski,4 Conn. L. Rptr. 503 (1991) (Santos, J.). "Responses to interrogatories are not judicial admissions in contrast to an admission in a pleading or in open court." (Citation omitted.) Esposito v. Wethered, supra. "A response to a question propounded in a deposition is not a judicial admission. General Statutes Sec.52-200." Id. "Thus the [witness's] testimony at trial may contradict or differ somewhat from [his] earlier statement[s] made at the time of [his] deposition. . . A question for the jury to decide may result at that time." Carrol v. Topolski, supra; see also Eposito v. Wethered, supra, 645; Lagana v. Lastrina, 9 CTLR 178 (1993) (Arena, J.).
The defendant relies upon the deposition testimony of various witnesses, investigating officers, and experts for the proposition that no issue of material fact exists as to the existence of an ice patch. The Town's reliance upon deposition testimony to support the argument that no material issue of fact exists is without merit. The defendant has failed to meet its burden of demonstrating the nonexistence of CT Page 8680 a material issue of fact.
Moreover, "[t]here are situations . . . which do not lend themselves to summary disposition. `It is . . . well recognized that summary judgment procedure is particulary [particularly] inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent, and subjective feelings and reactions.'" (Emphasis added.) Batick v. Seymour, 186 Conn. 632, 646, 647, 443 A.2d 471 (1982), quoting United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,367, 260 A.2d 596 (1969); see also Nolan v. Borkowski, supra, 504, 505.
Relying on Nolan v. Borkowski, supra, 507, the Town argues that the testimony of Beristain is too speculative and conjectural to support an opposition to a motion for summary judgment. (Emphasis added.) The Town relies on the deposition testimony of Beristain to demonstrate the nonexistence of a material issue of fact. However, the deposition of Beristain is wrought with that witness's subjective feelings of reactions. The above quoted deposition testimony deals with Beristain's own subjective perception or sensation of sliding over ice. Pursuant to Batick v. Seymour, supra, reliance on this testimony is improper.
The Town has failed to sustain its burden in demonstrating that no issue of material fact exists and that it is entitled to judgment as a matter of law. The motion for summary judgment is denied.
It is so ordered.
HIGGINS, J.