[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#111)
On February 4, 1993, the plaintiff filed a single count complaint alleging that the defendant was negligent in her operation of her motor vehicle and caused a collision with plaintiff's vehicle. The plaintiff alleges that the defendant failed to use due care in entering an intersection, failed to obey a stop sign and failed to yield the right of way to the plaintiff's vehicle in violation of General Statutes 14-301 (c). CT Page 10374 On October 25, 1993, the plaintiff filed a motion for summary judgment on the issue of the defendant's liability, together with an affidavit of the plaintiff, deposition testimony of the defendant, police report of the collision, and a memorandum of law in support.
Summary judgment should be granted if the pleadings, affidavits and other proof show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; see also Lees v. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 592 (1991). The burden of showing the nonexistence of any material fact is on the party seeking summary judgment. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1989). The court's function is not to decide issues of material fact but instead to determine whether such issues exist. Demotses v. Leonard Schwartz Nissan, Inc., 22 Conn. App. 464, 466, 578 A.2d 144
(1990). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Citation omitted; internal quotations omitted.) Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982), see also State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988).
Relying on the defendant's deposition, the plaintiff contends that the defendant is per se negligent, as the defendant admits to violating Section 14-301 (c) (Yielding the right of way to vehicles not obligated to stop at an intersection.). Secondly, relying on the defendant's deposition testimony, the plaintiff argues that the defendant was negligent at common law in failing to grant the right of way. The plaintiff attempts to bolster these arguments by utilizing plaintiff's affidavit, the defendant's answers to the plaintiff's requests to admit, and a portion of the police report containing the conclusion that defendant caused the collision.
"`Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.'" Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984), quoting Spencer v. Good Earth Restaurant,164 Conn. 194, 199, 319 A.2d 403 (1972). "`Summary judgment procedure is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation.'" CT Page 10375 Carrol v. Topolski, 4 Conn. L. Rptr. 503 (September 12, 1991, Santos, J.), quoting Spencer v. Good Earth Restaurant, supra, 198. "The conclusion of negligence . . . becomes strictly a question of law only when the mind of a fair and reasonable man could reach but one conclusion." Dubay v. Irish, 207 Conn. 518,534 n. 10, 542 A.2d 711 (1988).
The primary purpose of a deposition taken pursuant to Connecticut practice rules is discovery. Esposito v. Wethered,4 Conn. App. 642, 645, 496 A.2d 222 (1985); Carrol v. Topolski, supra, 503; Lagana v. Lastrina, 9 CTLR 178 (May 27, 1993, Arena, J.). "A response to a question propounded in a deposition is not a judicial admission. General Statutes 52-200." Carrol v. Topolski, supra. Thus the defendant's testimony at trial may contradict or differ somewhat from her earlier statements made at the time of her deposition and a question for the jury may result at that time. Id.; see also Esposito v. Wethered, supra, 645. Pursuant to Esposito v. Wethered, supra, the plaintiff's reliance on the defendant's deposition testimony for evidence that the defendant is negligent, statutorily and at common law, is ill-founded.
Further, an issue of fact exists as to the admissibility of the police report. See Bonner v. Winter, 175 Conn. 41, 44,392 A.2d 346 (1978); Zadroga v. Commissioner, 42 Conn. Sup. 1, 8
(Superior Court, 1991), as to whether a police report satisfies the business record exception to the hearsay rule. Moreover, the defendant's answers to the plaintiff's requests to admit shed no light on the liability of the defendant. The plaintiff's assertion in his affidavit that the defendant was the sole cause of the collision is conclusory and self-serving.
The plaintiff fails to demonstrate that no issues of material fact exist as to the liability of the defendant. The motion for summary judgment is denied.
BALLEN, J. CT Page 10376