[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants move for summary judgment as to counts four and five of the complaint.
On February 22, 1991, the plaintiff, Ruth Ann Alm, filed a five count complaint against the Young Women's Christian Association of the Hartford Region, Inc. [YWCA], Howard Gibson, Director of the Social Services Department [DSS] of the City of Hartford, the City of Hartford, and Regina Biggs. The plaintiff alleges in count one that on March 10, 1989, she and Biggs were roommates at the YWCA, and that while she slept, Biggs assaulted her by pouring hot cooking oil on her and beating her about the head with a frying pan, thereby causing her injuries. The plaintiff further alleges that on March 10, 1989, or immediately prior thereto, Biggs was released from a Connecticut mental hospital/institution after undergoing treatment for a mental disease, and that the YWCA or its employees or agents were aware or should have been aware that Biggs was mentally ill and presented a danger to others, including the plaintiff. The plaintiff alleges that her injuries were caused by the negligence of the YWCA in that the YWCA paired Biggs with the plaintiff as roommates; failed to warn the plaintiff that Biggs was a mental patient and that Biggs presented a danger to others; failed to arrange for the plaintiff to live in another room; and failed to provide adequate security to prevent tenants and guests from CT Page 975 committing harmful acts.
The plaintiff alleges in count two that her injuries were caused by the negligence of the YWCA in that the YWCA failed to ascertain whether Biggs might present a danger to others, even though the YWCA and its employees or agents knew or should have known that Biggs was referred to the YWCA by the City of Hartford and that the city had often referred mentally ill persons to the YWCA for housing.
Count three is directed against Biggs. The plaintiff alleges in count three that her injuries are the result of the intentional and malicious acts of Biggs.
The plaintiff alleges in count four that her injuries are the result of negligence on the part of Gibson, as director of the DSS. The plaintiff alleges that Gibson owed a duty to protect YWCA tenants or guests from the dangers posed by persons released to the care of the DSS and that such a duty was breached by placing Biggs with the YWCA. The plaintiff alleges that her injuries were caused by the negligence of Gibson and/or his employees in one or more of the following ways: Biggs was placed with the YWCA even though it was known or should have been known that Biggs presented a danger to others; Biggs was placed with the YWCA without informing the YWCA that Biggs had just been released from a mental institution; and the YWCA was not warned that Biggs presented a danger to others.
Count five is directed against the City of Hartford. The plaintiff alleges in count five that the city is liable for the negligent acts of its employees pursuant to General Statutes 7-465 (a).
On June 15, 1992, Gibson and the City of Hartford filed a revised answer in which they asserted as special defenses governmental immunity.
On August 10, 1993, Gibson and the City of Hartford filed a motion for summary judgment as to counts four and five of the complaint, together with an affidavit of Gibson, supporting documentation, and a memorandum of law. On August 26, 1993, the plaintiff filed an objection to the motion for summary judgment, together with an affidavit, of the plaintiff and a memorandum of law. CT Page 976
Summary judgment should be granted if the pleadings, affidavits and other proof show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; see also Lees v. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 592
(1991). "While the burden of showing the nonexistence of any material fact is on the party seeking summary judgment; see D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1989); `the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue.'" Wadia Enterprises, Inc. v. Hirschfeld, 27 Conn. App. 162, 165-66,604 A.2d 1339 (1992), aff'd, 224 Conn. 240, 618 A.2d 506
(1992), quoting Bassin v. Stamford, 26 Conn. App. 534, 537,602 A.2d 1044 (1992). "The court's function is not to decide issues of material fact but instead simply to determine whether such issues exist." Demotses v. Leonard Schwartz Nissan, Inc., 22 Conn. App. 464, 466, 578 A.2d 144 (1990), citing Lomangino v. LaChance Farms, Inc., 17 Conn. App. 436,438, 553 A.2d 197 (1989). In deciding a motion for summary judgment, the trial court must view the pleadings and documents submitted in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246-47,571 A.2d 116 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
The defendants argue that Gibson, a municipal employee, acts in a discretionary capacity with regard to the placement of indigent persons with the YWCA, and that, therefore, Gibson is protected from the present negligence action under the doctrine of governmental immunity. The defendants claim that the Hartford Municipal Code is dispositive of the issue of whether Gibson acted in a discretionary manner. The Hartford Municipal Code, Ch. XIV, 4, states in pertinent part:
 [T]he director of social services . . . shall have all the powers and duties relating to the poor and defective and dependent persons . . . . He shall be in charge of the administration of . . . general relief and all other social service activities of the city . . . . He shall cause to be made all social service investigations of patients in the municipal CT Page 977 hospitals and institutions to determine their eligibility for free care therein and for other purposes.
Further, Gibson, in his affidavit, states that, as director of the DSS, he oversaw and supervised the administration and operation of the DSS and that he was not involved in the placement of defendant Biggs, nor had he met or interviewed Biggs prior to her placement in the YWCA.
In response, the plaintiff argues in her memorandum of law that Gibson, as director of DSS, "exercises executive authority but within the function of such is the power to carry out both discretionary and ministerial acts." The plaintiff contends that Gibson's failure to warn is a ministerial omission because the act of giving the YWCA warning of Biggs's dangerous propensities did not involve the exercise of judgment. Further, the plaintiff asserts that an issue of fact exists as to whether Gibson was involved in the placement of Biggs. Moreover, the plaintiff argues that the present action fits within an exception to the governmental immunity doctrine as the failure of Gibson to act subjected an identifiable person, the plaintiff, to imminent harm.
"Negligence is a breach of duty." (Citations omitted.) Shore v. Stonington, 187 Conn. 147, 151, 444 A.2d 1379 (1982). "It is important to distinguish between the existence of a duty and the violation of that duty . . . . To sustain a cause of action, the court must determine whether the defendant owed a duty to the [plaintiff] and the applicable standard of care." (Citations omitted.) Id. "The existence of a duty is a question of law." Id. Once it is determined that a duty exists, the issue of municipal liability may turn upon whether the specific act in issue was ministerial or governmental. Roman v. Stamford, 16 Conn. App. 213, 221, 547 A.2d 97 (1988).
"[W]hether the acts complained of . . . [are] governmental or ministerial is a factual question which depends upon the nature of the act complained of." (Citations omitted.) Gauvin v. New Haven, 187 Conn. 180, 186,445 A.2d 1 (1982); Couture v. Board of Education, 6 Conn. App. 309,311, 505 A.2d 432 (1986); Viens v. Graner,9 Conn. L. Rptr. 306, 308 (June 28, 1993, Teller, J.); but see Gordon v. Bridgeport, 208 Conn. 161, 179, 544 A.2d 1185 (1988) (on a motion to strike, pursuant to the great weight of authority, CT Page 978 the court determined as a matter of law that the operation of a police department is a discretionary governmental function).
"The word ministerial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citations omitted; internal quotation marks omitted.) Evon v. Andrews, 211 Conn. 501,505, 559 A.2d 1131 (1989). "`Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . .'" Gordon v. Bridgeport Housing Authority, supra, 167, quoting Gauvin v. New Haven, supra, 184.
Qualified immunity applies to municipal employees in the performance of governmental acts, but does not apply in the performance of ministerial acts. Evon v. Andrews, supra, 505. Regardless of the qualified immunity associated with governmental acts, a municipal employee maybe found liable in the performance of a governmental act if one of the exceptions to the doctrine of governmental immunity applies. Shore v. Stonington, supra, 153; Roman v. Stamford, supra.
 The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions . . . under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides a cause of action against a . . . municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence.
Evon v. Andrews, supra.
While a party opposing summary judgment must substantiate its adverse claim by showing there is a genuine issue of material fact together with evidence disclosing the existence of such an issue; Scinto v. Stamm, 224 Conn. 524,530, 620 A.2d 99 (1993); this burden does not attach until the movant shows that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any CT Page 979 genuine issue of material fact. State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988). The defendants have failed to meet their burden as movants in that they have not produced sufficient documentation, either in the form of a state law, municipal ordinance, or DSS rule, regulation or bulletin, to support the position that placement of persons with the YWCA is wholly discretionary. See Shore v. Stonington, supra, 153-54 (the court noted instances where a court may determine that a statute or rule of law creates a ministerial or discretionary duty); cf. Kolaniak v. Board of Education,28 Conn. App. 277, 281-82, 610 A.2d 193 (1992) (board of education bulletin to custodians to keep walkways clear of ice and snow created in those custodians a ministerial duty, as a matter of law).
A genuine issue of material fact exists as to whether the acts complained of in count four were discretionary or ministerial. The defendants' reliance upon the affidavit of Gibson and the Hartford Municipal Code, Chapter XIV, 4, is insufficient to demonstrate that any act of Gibson, as director of the DSS, is discretionary in nature. Because of the paucity of information regarding internal DSS procedures and guidelines as to the processing of persons, there remains a genuine issue of fact as to whether Gibson or his agents were performing a ministerial duty when Biggs was placed with the YWCA without warning the YWCA about her dangerous propensities. Accordingly, the defendants' motion for summary judgment as to count four of the complaint is denied.
In count five of the complaint, the plaintiff alleges that, pursuant to General Statutes 7-465, the City of Hartford has the duty to indemnify Gibson for any sums Gibson becomes obligated to pay to the plaintiff. General Statutes7-465 establishes municipal liability for certain acts of employees. The municipality does not assume liability in the first instance, but rather it is derivative. Kay v. Manchester, 20 Conn. App. 439, 443-44, 568 A.2d 459 (1990). Thus, in a suit under section 7-465, any municipal liability that may attach is predicated on prior findings of individual negligence on the part of the employee. See Wu v. Fairfield,204 Conn. 435, 438, 528 A.2d 364 (1987).
The defendants have not demonstrated that they are entitled to judgment as a matter of law with respect to count five. Since the motion for summary judgment as to count four CT Page 980 is denied, the liability of Gibson, a municipal employee, is still in issue. Since the allegations against Gibson remain, the claim against the municipality, under General Statutes 7-465, is still viable. Therefore, the defendants' motion for summary judgment as to count five is denied.
Mary R. Hennessey, Judge