[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Capp Industries, Inc., is an excavating subcontractor which entered into a written contract dated December 2, 1996, with the defendant, Globe Atlas Construction, Corp., a general contractor. According to the contract, the plaintiff was to provide services and material to a construction project at the Ferguson Library in Stamford. The revised complaint of June 12, 1997, has seven counts alleging breach of contract, conversion, fraudulent misrepresentation and a violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
Counts three, five and seven of the plaintiff's complaint all allege a violation of CUTPA. The defendant has filed a motion (#107) to strike counts three, five and seven on the basis that the plaintiff's allegations are legally insufficient to state a CUTPA violation. "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. See Practice Book § 152. The role of the trial court is to examine the complaint, construed in favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, ___ A.2d ___ (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori, 236 Conn. 820, 826,676 A.2d 357 (1996).
The plaintiff alleges in its complaint that it billed the defendant for services and materials pursuant to the written contract, amounting to $137,172, plus an additional $418,795 for extras. The plaintiff further alleges that the defendant has paid only $43,490. The claim of conversion is based on an allegation that the defendant failed to pay $7,100 directly to the plaintiff's insurer as a bond premium as it had agreed previously. The plaintiff further claims that the defendant has received $208,700 from the owner, which it refuses to give to the plaintiff, and has converted to its own use. The claim of fraudulent misrepresentation is based on the contention that the defendant agreed to pay the plaintiff for "extra" services and materials, which the defendant now claims were a part of the original contract. The plaintiff alleges that conversion and fraudulent misrepresentation as alleged in the contract constitute an unfair trade practice in violation of CUTPA.
In support of its motion to strike, the defendant characterizes the complaint as a "typical construction contract CT Page 11425 claim," and "an ordinary commercial dispute." The defendant argues that a breach of contract claim does not give rise to a CUTPA claim because the alleged conduct of the defendant cannot be deemed to have offended public policy, or to be immoral, unethical, etc., or to cause substantial injury to consumers or competitors. The defendant also contends that the plaintiff alleges only a single breach of contract, which cannot violate CUTPA according to the "better reasoned decisions."
In opposing the motion to strike, the plaintiff claims that his complaint asserts more than simply a breach of contract, but rather also alleges conversion and fraudulent misrepresentation.
General Statutes § 42-110b (a) provides that one shall not engage in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." InWilliams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 591,657 A.2d 212 (1995), the court noted that there are three criteria necessary to support a CUTPA claim: (1) whether the practice "offends public policy" or "an established concept of unfairness;" (2) whether the conduct is "immoral, unethical, oppressive, or unscrupulous;" and (3) "whether it causes substantial injury to consumers or competitors." Each of these criteria need not be established, but an actual deceptive practice or a violation of public policy must be demonstrated.Associated Investment Co. Ltd. Partnership v. Williams AssociatesIV, 230 Conn. 148, 155-56, 645 A.2d 505 (1994).
An issue to be considered is whether the plaintiff, a subcontractor, is a "consumer," because CUTPA was enacted to protect consumers. Normand Josef Enterprises, Inc. v. ConnecticutNational Bank, 230 Conn. 486, 509, 646 A.2d 1289 (1994). A second issue is whether more than one example of a deceptive practice must be alleged. Another issue is whether the complaint, which alleges in essence that the defendant contractor has not paid the plaintiff subcontractor the amount owed pursuant to a contract and for extras, sets forth a cause of action under CUTPA by the addition of claims for conversion and for fraudulent misrepresentations.
Service Road Corp. v. Quinn, 241 Conn. 630, 698 A.2d 258
(1997), makes it clear that "CUTPA was designed to provide protection to businesses as well as to consumers. CUTPA is not limited to conduct involving consumer injury. . . . [A] competitor or other business person can maintain a CUTPA cause of CT Page 11426 action without showing consumer injury." (Citations omitted; internal quotation marks omitted.) Id., 638. CUTPA can apply to contracts as well. Lawson v. Whitey's Frame Shop, 241 Conn. 678,688, 697 A.2d 1137 (1997).
The plaintiff cites Koehm v. Kuhn, 41 Conn. Sup. 130, 139,558 A.2d 1042 (1989)[1] and Emlee Equipment Leasing Corp. v.Waterbury Transmission, Inc., 41 Conn. Sup. 575, 580,595 A.2d 591 (1991), for the proposition that a single instance of an unfair practice does not constitute a violation of CUTPA. Subsequent thereto, courts have found that a single act may constitute a violation of CUTPA. See McCarthy v. Fingelly,6 CSCR 623 (May 29, 1991, Katz, J.), wherein the court lists cases in which a single act was found to be a basis for CUTPA.[2]
Because of this split in the Superior Court concerning whether CUTPA applies to a single transaction, this court is unable to rule that the plaintiff did not spell out a cause of action, particularly when conversion and fraud were also added to the complaint.
The unfair practices of the defendant, as alleged by the plaintiff, were the withholding of $7,100 from the plaintiff and the failing to use that money, as promised, for an insurance premium needed by the plaintiff. The example of an alleged conversion by the defendant, that would not be present in an ordinary breach of contract claim, is the allegation that the defendant failed to turn over to the plaintiff money received from the owner and kept it for its own purposes. The claim of fraud is based on an alleged misrepresentation that the extra work performed by the plaintiff was all part of the original contract.
Any doubts in denying the motion are allayed by the statement in Service Road Corp. v. Quinn, supra, 241 Conn. 637, that "CUTPA is remedial in character . . . and must be liberally construed in favor of those whom the legislature intended to benefit." (Citations omitted; internal quotation marks omitted.) Moreover, "whether a practice is unfair and thus violates CUTPA is an issue of fact." DeMotses v. Leonard Schwartz Nissan, Inc.,22 Conn. App. 464, 466, 578 A.2d 144 (1990). Accordingly, the defendant's motion to strike is denied.
So Ordered.
Dated at Stamford, Connecticut, this 25th day of November, CT Page 11427 1997.
William B. Lewis, Judge